ISIDORE KALISCH, Appellant, *vs.* REBECCA KALISCH.

APPEAL FROM CIRCUIT COURT, MILWAUKEE COUNTY.

Heard November 9.]                    [Decided November 22, 1859.

### *Former Suit—Estoppel.*

A traversable fact put in issue in a court of competent jurisdiction, between the same parties, and tried by that court, is a bar to another action, based on the same fact, although the relief asked in the last case is different from that in the first. Thus a suit by the wife for alimony based on the desertion of the husband on a given day, and which is denied by the husband and found against him, is a bar to an action for divorce, by the husband against the wife, based on the desertion of the wife, at the same time.

A cause of action having for its ground or foundation the same matters as are decided upon in a former suit, between the same parties, is barred by the former suit.

This was a complaint for divorce, filed by the husband Isidore Kalisch against his wife, which avers the marriage and cohabitation in Cincinnati until the first of September,

1856, at which time she wilfully left and deserted him, and has never lived with him, or offered to return to him since; that he had always kept, &c., his marriage vows; and she had no just cause to leave and desert him.

To this, Rebecca Kalisch answered, that she was obliged to leave him in consequence of his ill treatment towards her; that she had repeatedly offered to return to him, provided he would promise to treat her well, which he had refused; that he had not kept, &c., his marriage vows; and she had just cause to leave him.

For a second answer she set up, that on the 22d of September, 1856, she filed her petition for alimony, in the clerk's office of the court of common pleas, of Hamilton county, Ohio, in which she charged the marriage, &c., that without any good cause her husband had abandoned her, in consequence of his ill treatment towards her; that she was about to become the mother of his child; and therefore prayed that he might be compelled to allow her reasonable alimony, and that she might have all proper relief. That the husband answered the complaint, denying the charge. On the trial of that issue the court of common pleas found that the husband had abandoned his wife, without cause, and that a separation had taken place in consequence of his ill treatment; and the court decreed that he should pay the costs, and also pay her as alimony $500. That these were the same matters as those set forth in the complaint in this action, &c.

To this second answer the husband demurred, that the judgment of the court of common pleas did not include or pass upon the cause of action set forth in his complaint. This demurrer was overruled by the circuit court, and the husband has appealed to this court.

*J. E. Arnold*, for the appellant.

*Smith & Salomon*, for the respondent.

*By the Court*, COLE, J. We are of the opinion that the order of the circuit court overruling the demurrer to the answer in this case must be affirmed. The ground of divorce set forth in the complaint is the wilful desertion of the respondent, about the first of September, 1856. It appears from

the record set forth in the answer, that the respondent, on or about the 22d day of September, 1856, filed her petition for alimony in the court of common pleas of Hamilton county, Ohio ; as we suppose, under section ten, chapter thirty-seven, of Swain's R. S. of Ohio, edition 1854.

In the petition she asks for alimony under that statute, because " without any cause her said husband had abandoned her; and, further, that she had separated from her husband in consequence of his ill treatment towards her." The appellant took issue upon these allegations in the petition ; and in its decree the court distinctly found that the respondent had conducted herself as her duty to appellant demanded ; and that the appellant had abandoned his wife without good cause, and that there was a separation between the parties in consequence of ill treatment on the part of the appellant. So it is manifest from this record that the fact of desertion on the part of the wife, which is the only ground relied upon in the complaint for a divorce, has been once tried in a suit between these same parties in a court of competent jurisdiction in the state of Ohio ; and found against the appellant. That adjudication is conclusive between the parties upon that question. It was a material traversable fact, in the case in Ohio, and therefore the judgment of the court upon that point is conclusive.

It was contended by the counsel for the appellant that the judgment in the Ohio suit ought not to be a bar to this action, because the object of the former and present suit was different. In the Ohio case it was urged that the respondent proceeded to have set off or allowed her, her proportion of her husband's estate for.her subsistence during the separation, a remedy or relief springing out of the obligations of the marriage contract ; while the present suit is brought to have the contract itself annulled and abrogated. We cannot perceive why, in this view, the former judgment directly upon the

point of desertion is not a bar.   In both cases the ground or foundation of the action is the same, namely, desertion on the part of the defending party.   In the proceeding for alimony the wife set up that her husband had abandoned her, without cause, it was essential for her to sustain this allegation in order to obtain alimony.   The husband in that action denied that he had abandoned his wife, and alleged that she had wilfully deserted him.   And this answer avers that the matters and things "set forth and alleged by the plaintiff in his complaint to this action are the same identical matters and things set forth and alleged in his said petition."   We are clearly of the opinion, therefore, that the judgment in the Ohio case is a bar to the present action.   See *The Duchess of Kingston's Case*, 2 Smith's Leading Cases, 424, and authorities cited.

The order of the circuit court is therefore affirmed with costs.