## TOMPKINS and Others *v.* THE FLOYD COUNTY AGRICULTURAL AND MECHANICAL ASSOCIATION and Another.

A corporation may be required to answer, as a judgment debtor, in proceedings supplementary to executions.

Persons holding assets of a corporation, which is a judgment debtor and defendant, may be compelled to answer as to such assets, in a proceeding supplementary to execution.

In such proceedings the law fixes the first day of the ensuing term for answers to be made, but a different day may be designated.

APPEAL from the *Floyd* Common Pleas.

HANNA, J.— This was a proceeding, under the statute, supplementary to execution, against the association, averred to be a corporation, and *Winstandley*, who is alleged to have funds in his hands, etc.

It appears the complaint was filed in the vacation of the Court, and absence of the judge. The clerk issued an ordinary summons, requiring said defendants to appear on the *second* day of the next term of the said Court, and answer, etc. This was served on the association by reading to its president, and on the other defendant by reading.

An order was also made and issued by said clerk, requiring said defendants to appear before the judge of said Court, on the *second* day of the next term, to answer, etc., as to property, etc. This was served by leaving a copy with the president and *Winstandley*.

The defendants, at the next term, entered a special appearance, for the purpose of moving to set aside said summons and order, and the service thereof, for reasons stated in writing. This motion was overruled. Defendants then being ruled to answer, said association filed a written motion to vacate the order made by the clerk, requiring them to appear and answer, etc., and also, at the same time, a demurrer to the complaint. *Winstandley* also demurred.

The motion to vacate, and the demurrers, were sustained, which rulings are complained of as erroneous.

The complaint avers, that, before that time, on, etc., a judgment had been recovered, by plaintiffs, against the said association, for, etc., in the Circuit Court, etc., and that an execution had, on, etc., been issued, and returned no property, etc., and that said judgment remains unpaid, etc., and charges that said defendant has notes, etc., to a large amount, not precisely known, and on persons unknown, etc., which ought to be applied, etc., but which are wrongfully withheld, etc., and that *Winstandley* has property to the amount of six hundred dollars, etc., and is indebted in a like sum, etc. The truth of the complaint was sworn to, etc.

The grounds of objection to the complaint and order appear to be, that such proceedings will not lie against a corporation; and that, by the order, they were directed to answer on the *second* day of the term of the Court; and that the allegations as to property, etc., are not specific enough.

As the statute provides the mode in which a corporation may answer in a case where it is disclosed that assets are held, etc., by such corporation, which belong or are due

to the judgment debtor, we do not perceive but that it may, in the same manner, be required to answer as a judgment debtor. It may be possible that the proceeding may be maintained against the debtors, etc., of a corporation judgment debtor, where they are known and are made defendants, without the said corporation being compelled to be subjected to the examination provided for as to the execution defendant.

We are of opinion that those who may hold assets, etc., of a corporation, a judgment defendant, can be compelled to answer, and we are inclined to believe that the statute gives the authority, also, to proceed against the corporation; certainly it can be made a defendant so as to reach those who hold its assets, etc.; and, if so, why not for all purposes under the statute? *Bish* v. *Bradford*, 17 Ind. 490.

The complaint is specific enough as to the defendant *Winstandley;* but whether it is so against the corporation as to any other rights, credits, or effects, is doubtful.

As to the time at which said defendants were required to answer, etc., we are of opinion that the law fixes the time on the first day of the ensuing term, if no other is designated; but that a different day, even in term, may be fixed.

*Per Curiam.*—The judgment is reversed, with costs. Cause remanded.

*John H. Stotsenburg* and *Thos. M. Brown*, for the appellants.

*Thomas L. Smith* and *M. C. Kerr*, for the appellees.