## THE BROOKVILLE NATIONAL BANK *v.* DEITZ ET AL.

PROCEEDING SUPPLEMENTARY TO EXECUTION.—*Special Deposit.*—A. advanced a certain sum of money to B., to be used for the redemption of certain land which had been purchased by C. on execution, it being expressly stipulated between A. and B. that the ownership of the money should remain in A., unless it should be received by C. in redemption of the land, there being some dispute as to the right of B. to redeem. The money was placed in the hands of the clerk of the court in which the judgment had been rendered on which the land was sold. If the money should be used in redemption of the land, B. was to repay A., if B. should sell the land; if he should not sell it, B. was to give A. a mortgage on the land redeemed, to secure the repayment of the money. If the money should not be so used, A. was to withdraw it. Proceeding supplementary to execution by D., a judgment creditor of B., against B. and said clerk, to subject to D.'s judgment said money in the hands of the clerk, C. having refused to receive it, and the right to redeem, so far as appeared, not having been settled.

*Held*, that the money remained the property of A., and could not be subjected to D.'s judgment.

From the Franklin Common Pleas.

*C. C. Binkley* and *G. Holland*, for appellant.

*W. Morrow, N. Trusler, T. B. Adams,* and *F. Berry,* for appellees.

WORDEN, J.—This was a proceeding by the appellant against the appellees, supplementary to execution. The court, upon the trial of the cause, found for the defendants, and rendered judgment accordingly, over a motion by the plaintiffs for a new trial. The following are the material facts in the case :

The appellant had a judgment against Ulysses V. Kyger, Daniel Kyger, and the defendant Deitz, for over seven hundred dollars, on which an execution had been issued and returned, realizing only a small part of the judgment. A case was shown authorizing the proceedings, so far as the issuing and return of execution are concerned. It was alleged that the defendant Harrell had two thousand dollars in his hands belonging to said Deitz, which ought to be applied to the payment of the appellant's judgment.

The facts in relation to the money in the hands of Harrell, as fairly indicated by the evidence, are as follows : Deitz claimed the right to redeem certain lands which one Roberts had purchased upon execution, and for the purpose of enabling him to do so Lawrence Tragesser advanced to him sufficient money for that purpose, amounting to two thousand two hundred and sixty-five dollars, which was placed in the hands of Harrell, who was the clerk of the court in which the judgment was rendered on which the sale was made. It was expressly stipulated between Tragesser and Deitz that the title and ownership of the money should remain in Tragesser, unless it should be received by Roberts in redemption of the land, there being some doubt or dispute as to the right of Deitz to redeem. If the money was not used in the redemption of the land, Tragesser was to withdraw it; and if used, Deitz was to repay Tragesser, if he sold the land, and if not he was to give him a mortgage upon it to secure the amount. In short, Tragesser permitted his money to be deposited with the clerk, to

be used in the redemption of the land, not parting with the title, but authorizing it to be applied to the purpose mentioned. Roberts declined to accept the money, and the right of Deitz to redeem has not, so far as appears, been settled. Harrell still holds the identical money thus deposited with him.

Upon these facts, the money thus deposited with Harrell cannot be regarded as the money of Deitz, and consequently cannot be subjected to the payment of the appellant's judgment. The title still remains in Tragesser, the clerk having authority to apply it to the redemption of the land; and, until such application is made, the contingency will not arise on which Deitz is to become the debtor of Tragesser for the money.

The appellant claims that the arrangement is contrary to public policy and illegal.

We see nothing contravening public policy or illegal in the transaction. Tragesser might, for obvious reasons and for good purposes, be willing to aid Deitz in the redemption of the land, while he might not be willing to advance the money to him except upon the certainty of its being applied to that and no other purpose.

It is claimed that the court erred in the exclusion of certain evidence offered by the appellant. The motion for a new trial, however, is insufficient to raise any question upon this point.

The reasons for a new trial do not point out or show what evidence was excluded. See *Ball* v. *Balfe*, 41 Ind. 221.

The judgment below is affirmed, with costs.