Filed April 22, 1886.

———————◆———————

No. 12,486.

## MITCHELL v. BRAY ET AL.

EXECUTION.—*Proceedings Supplementary.—Requiring Third Person to Answer as to Indebtedness.—Refusal of Debtor to Apply.—Affidavit.—Statute Construed.*—The right given by section 819, R. S. 1881, to require a third person who is indebted to the judgment debtor to appear and answer, while the execution remains in the hands of the officer, must be exercised in connection with section 816, and, as against the judgment debtor, the creditor must show in his affidavit or verified complaint that the debtor unjustly refuses to apply the money sought to be reached to the satisfaction of the judgment.

From the Morgan Circuit Court.

*J. H. Jordan* and *O. Matthews,* for appellant.

*G. A. Adams* and *J. S. Newby,* for appellees.

MITCHELL, J.—This appeal involves the ruling of the circuit court in sustaining a demurrer to a verified complaint in a proceeding supplementary to execution.

The complaint alleged that the appellant recovered a judgment against Thomas W. Bray and Jesse S. Woods, and that an execution had issued thereon, and remained in the hands of the sheriff, wholly unsatisfied; that David Wilson as administrator of the estate of Samuel J. Hadley, deceased, was indebted to Bray in the sum of $100 upon a judgment recovered by the latter against the estate of Hadley. It was averred that Bray had not sufficient other property subject to execution to satisfy plaintiff's judgment, and that he was not entitled, for reasons set forth, to claim any exemption. The prayer was, that both Bray and Wilson might be required to appear and answer concerning the indebtedness, and that Wilson might be ordered to pay the debt due the former in satisfaction of the execution.

A demurrer by Bray for want of sufficient facts was sustained. Wilson answered, admitting the indebtedness as charged. The court overruled a motion to require Bray to answer, and also overruled a motion for an order upon Wilson to pay the money on the execution. Error is claimed upon these several rulings.

There is no averment in the complaint or affidavit, to the effect that the execution debtor unjustly refuses to apply the debt due from Wilson to the satisfaction of the execution.

The proceeding is under sections 816 and 819, R. S. 1881. As against the execution defendant, the omitted averment was essential to the validity of the affidavit. Section 816, R. S. 1881; *Dillman* v. *Dillman*, 90 Ind. 585; *Earl* v. *Skiles*, 93 Ind. 178, and cases cited.

The complaint in this case is verified, and may, therefore, serve the purpose of an affidavit as well. Where such is the purpose, it must contain all the statutory requisites of a complaint and affidavit. The debtor can not, by this summary method, be required to appear and answer, while the execution remains in the hands of the officer, except by a substantial compliance with section 816. The remedy is an extraordinary one, is based upon a statute, and before the creditor

can avail himself of it, he must aver and prove that the debtor has unjustly refused to apply the property or money sought to be reached to the satisfaction of the debt. Taking all the averments contained in the complaint as true, and there may have been abundant reason, consistent with good faith, why the debtor did not apply the money due on the judgment obtained against Wilson to the liquidation of the execution. At all events, since the statute requires an affidavit to the effect mentioned to be filed, it can not be dispensed with by construction.

It is true as contended, that section 819 does not require that such an averment be made. That section is available to require a third person, who is supposed to have property of the judgment debtor under his control, or is indebted to him, to appear and answer, and as to such third person an affidavit need not contain the averment that the debtor unjustly refuses to apply the property or debt sought to be reached. But section 819 can not be made available except in connection with one or the other of the previous sections. The judgment debtor must be a party to the proceeding. The section last above mentioned is not applicable to him. In order to maintain the proceeding as against the debtor, while the execution remains in the sheriff's hands, section 816 must be resorted to. In such a case, the omitted averment is essential, in order that the complaint or affidavit may be sufficient as respects the judgment debtor.

As there was no sufficient affidavit against the judgment debtor, and as the proceeding can not be maintained against a third person, except in connection with the debtor, the rulings complained of were correct.

The judgment is affirmed, with costs.

Filed April 21, 1886.