Baker v. The State, ex rel. Mills.

No. 12,304.

BAKER v. THE STATE, EX REL. MILLS.

JUDGMENT.—*Avoiding Payment.*—*Fraud.*—*Imprisonment.*—Section 22 of article 1 of the Constitution authorizes imprisonment for fraud practiced in avoiding the payment of judgment debts.

SAME.—*Execution Against Body.*—*Affidavit.*—Before an execution against the body of a debtor can be issued for fraud in avoiding the payment of a judgment, it must be made to appear by the affidavit or verified complaint, that the amount due upon the judgment can not be collected by an ordinary execution against the property of the debtor.

SAME.—*Civil Action.*—A proceeding supplemental to execution, and a proceeding to procure an execution against the body of a debtor, are civil actions within the meaning of the civil code.

SAME.—*Former Adjudication.*—*Estoppel.*—A judgment in favor of the debtor in a proceeding supplemental to execution, although it is erroneous, is a bar to a subsequent proceeding for an execution against his body, where the questions of fact and the object sought in the two cases are the same.

SAME.—*Form of Actions.*—It is not necessary to an estoppel by judgment that the former action was the same in form as that in which the adjudication is pleaded.

SAME.—*Cause of Action.*—*When the Same.*—The right of the plaintiff, and the obligation, duty or wrong of the defendant, constitute the cause of action, and the cause of action is the same where the same evidence will support both actions.

SAME.—*Money in Possession of Debtor.*—*Proceedings Supplemental to Execution.*—Money in the possession of the judgment debtor, which he refuses to surrender in payment of the judgment, may be reached by proceedings supplemental to execution. *Wallace* v. *Lawyer*, 54 Ind. 501, criticised.

SAME.—*"Property."*—*Meaning of Word.*—The word "property," as used in the statute providing for proceedings supplemental to execution, embraces every species of things in which there may be an ownership and which may be made available in the payment of judgments, including money.

From the Hamilton Circuit Court.

*F. M. Trissal, A. F. Shirts, G. Shirts* and *W. R. Fertig,* for appellant.

*D. Moss* and *R. R. Stephenson,* for appellee.

ZOLLARS, J.—Appellant was the defendant below. The substance of the complaint against him, verified by the relatrix, Clara Mills, is, that in January, 1883, the State, upon

her relation, recovered judgment against appellant and one Gray; that appellant has fraudulently concealed, removed, conveyed and transferred his property subject to execution, with intent to defraud and delay the relatrix in the collection of the judgment; that he has moneys, rights, credits and effects, with which the judgment might be paid, and which he fraudulently withholds and conceals, with a view to delay and defraud the relatrix. The prayer is for an execution against the body of appellant.

The court below found that he had money with which the judgment might be paid, and ordered a writ for his imprisonment in the county jail until he should surrender the money, or until otherwise discharged by due process of law. From that judgment appellant appealed. As will be observed, appellee sought and procured what in the statute is called an execution against the body of the judgment debtor. A warrant for the proceeding is found in sections 676, 680, 792, et seq. R. S. 1881.

Section 22 of article 1 of our Constitution inhibits imprisonment for debt, except in case of fraud. Counsel for appellant submit for consideration the proposition, that the fraud for which, impliedly, under that section of the Constitution, there may be imprisonment for debt, is fraud committed in the transaction out of which the debt or liability arose, and not fraud in refusing to apply money or property in payment of the debt after judgment, or in withholding the same from execution.

Whether or not, under the above section of the Constitution, valid statutes might be enacted providing for an execution against the body of the debtor in cases where he was guilty of fraud in the transaction out of which the debt or liability arose, is a question we need not here decide. In some of the States, such statutes have been enacted and enforced.

It is very clear to us, that the leading purpose, if not the only purpose, of the above section of the Constitution, was

to authorize imprisonment for fraud practiced in avoiding the payment of judgment debts.    McDonald's Treatise (Schroeder's ed.), p. 226.

From the first, our statutes have been enacted and enforced upon this theory.    Such are the statutes involved here; the statutes providing for proceedings supplemental to execution, arrest and bail, *ne exeat,* and the statutes authorizing writs of *capias ad satisfaciendum* by justices of the peace.

Many, if not all, of the other States have similar statutes, and have enforced them without question, by the courts, as to their constitutionality.

The complaint here, however, we think, is defective.    Section 680 of the statutes, R. S. 1881, provides that no execution against the body shall be issued while an execution against the property remains unreturned.    An execution against the body is an extraordinary remedy, and is not to be resorted to if the amount due upon the judgment may be made by an ordinary execution against the property of the judgment debtor.    Such was the rule in this State before the adoption of the code, and such is the rule elsewhere.    *Gwinn* v. *Hubbard,* 3 Blackf. 14; *Wendover* v. *Tucker,* 4 Ind. 381; *Cutler* v. *Colver,* 3 Cow. 30; *Scott* v. *Shaw,* 13 Johns. 378; *McDonald* v. *Wilkie,* 13 Ill. 22.

The purpose of the code is to enforce, and not to overthrow that rule.

It appears from the complaint in this case, that the judgment which appellee is seeking to collect, is against appellant and Joseph R. Gray.    There is no averment that an execution had been issued and returned unsatisfied, nor is there any averment that Gray was insolvent.    For aught that appears, he may have had an abundance of property in the county out of which the amount due upon the judgment might have been readily made by an ordinary execution.    It does not appear from the complaint, that appellant is under any greater obligation to pay the judgment than is Gray, and

for aught that appears, as between themselves, the greater obligation may be upon the latter. Section 792 of the statutes, which provides for the affidavit or verified complaint in a case like this, should be construed in connection with section 680 upon the same subject. Upon such a construction, and looking to the spirit of the whole act, and the analogies of other similar proceedings, we think that it should be made to appear by the affidavit or verified complaint, that there is a necessity for resorting to such an extraordinary proceeding; in other words, it should be made to appear that the amount due upon the judgment can not be collected by an ordinary execution against the property of the judgment debtor or debtors. *McDonald* v. *Wilkie, supra.*

It has been uniformly held, that in order to maintain a proceeding supplemental to execution, to reach property and credits of the judgment debtor, in the hands of, and due from, third persons, it must be shown that there is a necessity for the extraordinary proceedings; in other words, that it must be shown that the amount can not be collected from the judgment defendant by an ordinary execution. *Dillman* v. *Dillman*, 90 Ind. 585; *Earl* v. *Skiles*, 93 Ind. 178; *Wallace* v. *Lawyer*, 91 Ind. 128; *Cushman* v. *Gephart*, 97 Ind. 46; *Mitchell* v. *Bray*, 106 Ind. 265.

And so, in an action to set aside a fraudulent conveyance, it must be shown that neither of the judgment debtors has property out of which the amount of the judgment can be made. *Baugh* v. *Boles*, 35 Ind. 524; *Bruker* v. *Kelsey*, 72 Ind. 51; *Sherman* v. *Hogland*, 73 Ind. 472; *Adams* v. *Slate*, 87 Ind. 573.

The construction of our several statutes providing for extraordinary remedies in the collection of judgments, is, that such remedies are not to be resorted to where the judgments can be collected by an ordinary execution. That construction should be given to the statute involved here. Upon such a construction, the affidavit or verified complaint is defective, in that it fails to show that the amount due upon the judg-

Baker *v.* The State, *ex rel.* Mills.

ment could not be collected by an ordinary execution against the property of Gray.

With the statement, simply, that in our judgment, the pleas in abatement are insufficient, we pass to the first paragraph of the plea in bar, which presents the important and vital question in the case.

That plea is in the way of answer to so much of the verified complaint as charges that appellant has moneys, rights, choses in action, credits and effects with which the judgment might be paid, and which he fraudulently withholds and conceals with a view to delay and defraud appellee in the collection of the judgment.

The substance of the plea is, that prior to the commencement of this action, appellee instituted proceedings supplemental to execution against appellants Joseph R. Gray, Elisha Mills and Augustus F. Shirts, in the Hamilton Circuit Court, in which county the defendants were residents; that in the affidavit or verified complaint in that action, it was charged that Mills, the principal judgment debtor, was insolvent, and that neither he nor Gray at any time since the rendition of the judgment had any property subject to execution; that appellant had no real estate or other property that could be reached by execution; that he, as owner, had from two to six thousand dollars in cash, and choses in action in his possession, which could not be more particularly described; that Shirts had in his hands fifteen hundred dollars in money, and choses in action, belonging to appellant, all of which appellant unjustly refused to apply in satisfaction of the judgment; that all of the defendants in that action appeared and answered the verified complaint by a general denial, and that after hearing the evidence, the court found for said defendants and gave them judgment for costs.

It is further alleged in the plea, that the moneys, choses in action, credits and effects, which were described in the verified complaint in that action, and which it was charged appellant had, and fraudulently refused to apply in payment of

the judgment, are the identical moneys, choses in action, credits and effects described in the verified complaint in this action, and which it is charged he has concealed and withheld, with the fraudulent intent to delay and defraud appellee. It is further alleged, that since the commencement of the supplemental proceedings, appellant has not received or acquired any money or property.

All of the facts thus stated in the plea, the demurrer admits as true. The question then arises, is the adjudication in the proceedings supplemental to execution, conclusive here? Is the plea good as a plea of *res adjudicata?*

This question involves an inquiry, first, as to the nature of the proceeding supplemental to execution. That such a proceeding is a civil action, within the meaning of the code, is settled by the latest decisions of this court. *Burkett* v. *Holman,* 104 Ind. 6, and cases there cited.

The second inquiry is, what is the nature of the proceeding to procure an execution against the body?

Section 792, R. S. 1881, provides, as an initiatory step, that an affidavit shall be filed.

Section 794 provides for the giving of notice, very much as in an ordinary action.

Section 797 provides for the forming of an issue by the filing of an answer, and for the trial of that issue "by the court or a jury, as in other cases."

The sections following, with section 793, provide for the form and substance of the judgment, and the manner of its execution.

Looking to the whole statute, and applying to it the reasoning in analogous cases, the proceeding therein provided, we think, is clearly a civil action, within the meaning of the code. See *Burkett* v. *Holman, supra,* and cases there cited; *Powell* v. *Powell,* 104 Ind. 18; *Evans* v. *Evans,* 105 Ind. 204.

As shown by the plea under consideration, the issue of fact to be tried in the proceeding supplemental to execution, was exactly the same issue presented for trial in the case be-

fore us. In the former case, it was charged that appellant had money, choses in action, credits and effects, which he unjustly concealed and withheld, and fraudulently refused to apply in payment of the judgment.

Whether or not he was guilty of the charge thus made against him, was the one question to be determined by the court upon the evidence adduced. The same identical charge is made in the case before us. Here, again, the one question for decision by the court was: Was appellant guilty of the charge thus made against him?

There is a difference in the time when these actions were commenced, but it is alleged in the plea, and admitted by the demurrer, that the moneys, credits, etc., which it is here charged appellant is concealing, etc., are the same moneys, etc.; and that he has not, since the former action was commenced, acquired any additional money or property. Thus it will be seen, that the two proceedings are civil actions, within the meaning of the code, and that the questions of fact in the two cases, as presented by the affidavits or verified complaints, were the same.

The same evidence that would sustain the affirmative of the issue in one case would sustain it in the other. We do not know upon what theory the court acted in sustaining the demurrer to the pleas in bar, except as informed by appellant's brief. It is there stated, that the learned judge did not regard the proceeding supplemental to execution as an action at law, or in equity, in such a sense as to admit of a final judgment being rendered, so as to become a bar to another proceeding for the same thing. As we have already seen, that proceeding is a civil action under the code, and we think it beyond question, that a final judgment in such a proceeding is a bar to another and subsequent proceeding for the same thing; in other words, that when an issue, such as was tendered by the affidavit or verified complaint in that case is once tried, and judgment rendered, neither party can again be vexed with a re-trial of the same issue. See *Dubois*

v. *Johnson*, 96 Ind. 6. To hold otherwise, would be to open the way to endless litigation. We by no means intend to hold that proceedings supplemental to execution may not be repeated. One such proceeding may fail because the defendant may, at that time, have no property of any kind which he is withholding, and a subsequent proceeding may be instituted and maintained for the recovery of money and property which have been acquired since the commencement of the first proceeding, or, perhaps, which were not involved in the first investigation.

It appears from the second plea in bar, that in the proceeding supplemental to execution, the court made a special finding of the facts, and therein found that appellant had $3,000 which he unjustly refused to apply in payment of the judgment. Upon the facts so found, the court ruled, as a conclusion of law, that the defendants were entitled to judgment for costs, and rendered judgment accordingly.

Here, again, we are informed by the briefs of counsel, that the conclusion of law, and the judgment, were made and rendered upon the theory that money in the possession of the judgment debtor can not be reached by proceedings supplemental to execution.

The sustaining of the demurrer to the second plea is, perhaps, in this case, a harmless error, but the question as to whether or not money in the possession of the judgment debtor may be reached by a proceeding supplemental to execution, seems to be important here in determining whether or not the judgment in that case is a bar to this proceeding. At one time, after the adoption of the code, it seems to have been questioned whether money and other property of the judgment debtor in his possession, not ordinarily subject to execution, could be reached by a supplemental proceeding. *Brisco* v. *Askey*, 12 Ind. 666. The query was made in that case, and it was held that the judgment debtor could not be compelled to surrender for sale by the sheriff claims and demands which he held against other persons, and that the

proper order, in such a case, would be one restraining the judgment debtor from transferring the accounts, etc., and ordering his debtor to pay the amount into court to be applied on the judgment. That portion of the holding in the case has been subsequently followed. *Chandler* v. *Caldwell*, 17 Ind. 256. In the case last cited, the holding was put upon the ground that to require such choses in action to be surrendered for sale by the sheriff, would result in a ruinous sacrifice.

So far as we have been able to ascertain from a somewhat careful examination of the reported decisions of this court, the above are the only adjudications upon the exact question there decided.

It has been uniformly held, however, that choses in action may be reached in a proceeding supplemental to execution, by an order upon persons indebted to the judgment debtor to pay the amount of their indebtedness to him into court, to be applied upon the judgment. The above cases so hold. See *Dunning* v. *Rogers*, 69 Ind. 272; *Butler* v. *Jaffray*, 12 Ind. 504; *Devan* v. *Ellis*, 29 Ind. 72; *Keightley* v. *Walls*, 27 Ind. 384; *Graydon* v. *Barlow*, 15 Ind. 197; *Cooke* v. *Ross*, 22 Ind. 157; *Tompkins* v. *Floyd Co. Agr., etc., Ass'n*, 19 Ind. 197; *Hoadley* v. *Caywood*, 40 Ind. 239.

And so, it has been uniformly held, that money of the judgment debtor in the hands of third persons may be reached by a proceeding supplemental to execution. *Sherman* v. *Carvill*, 73 Ind. 126; *O'Brien* v. *Flanders*, 58 Ind. 22; *O'Brien* v. *Flanders*, 41 Ind. 486; *Terry* v. *Deitz*, 49 Ind. 293; *Brookville Nat'l Bank* v. *Deitz*, 49 Ind. 598; *Earl* v. *Skiles*, 93 Ind. 178.

These holdings are important here to the extent only that they show that by a proceeding supplemental to execution, money and property may be reached that could not be reached by an ordinary execution, unless voluntarily surrendered.

If money and choses in action of the judgment debtor may be thus reached in the hands of, and due from third persons,

there is no good reason why money in the possession of the judgment debtor may not be reached by a like proceeding.

We learn from counsel's briefs, that the court, in holding that money in the possession of appellant could not be reached by the supplemental proceeding, rested its decision upon the case of *Wallace* v. *Lawyer,* 54 Ind. 501 (507) (23 Am. R. 661).

The controlling questions in that case were, whether a municipal corporation could be required to answer as to its indebtedness to the execution debtor, and whether its indebtedness to him could be reached by a proceeding supplemental to execution.

Both questions were decided in the negative, and in referring to an Ohio case, where the contrary was held, and in distinguishing between the statutes of that State and of this, it was said: " There is another plain difference between the two statutes. The Ohio statute subjects ' any claim or chose in action,' and ' all money,' to such payment ; while the Indiana statute reaches only the ' property of the judgment debtor, not exempt from execution.' " What was thus said, must be limited to the case before the court. As a general statement as to what property may be reached by a proceeding supplemental to execution, and regarding " property not exempt from execution " as meaning property that might be levied upon without being voluntarily turned out, the statement quoted is not a correct interpretation of our statute.

As we have seen, money of the judgment debtor, in the hands of third persons, may be reached by a proceeding supplemental to execution, and yet it could not be reached by an ordinary execution against the wishes of the owner having it in his possession, or in the possession of others.

To regard the statement quoted from the opinion as an interpretation of our statute, to be applied in all cases, would be to place the case in irreconcilable conflict with the other cases. In the case of *Fowler* v. *Griffin,* 83 Ind. 297, it was contended by counsel, that money in the hands of a third

person could not be reached by a proceeding supplemental to execution, and in support of that contention they cited the case of *Wallace* v. *Lawyer, supra.* In answer to that contention, it was said: " In support of the third objection, counsel has cited * * * *Wallace* v. *Lawyer,* 54 Ind. 501, to the point that only *property,* but not *money, claims,* or *choses in action,* of the judgment debtor, can be reached by the proceedings. * * * And there are numerous cases which either expressly or by implication decide that money and *choses in action* of the judgment debtor, in the hands of third parties,. may be reached by means of this proceeding." This last case, as subsequent cases, amounts to an overruling of the case of *Wallace* v. *Lawyer, supra,* if the opinion in that case is to be given the broad construction which it is claimed the court below gave it.

The question yet remains, may money of the judgment debtor in his possession, and which he refuses to surrender in payment of the judgment, be reached by a proceeding supplemental to execution?

Section 815, R. S. 1881, in relation to proceedings supplemental to execution, provides that upon the return of an execution unsatisfied, the judgment plaintiff may have the judgment debtor summoned before the court to answer concerning his property within the county to which the execution was issued.

Section 816 provides that after the issuing of execution, upon an affidavit that the judgment debtor has property (describing it), which he unjustly refuses to apply towards the satisfaction of the judgment, the court may order him to appear and answer concerning the same, and that proceedings may thereafter be had for an application of the property, in satisfaction of the judgment, etc.

Section 819 provides for summoning third persons to answer as to any property of the judgment debtor they may have in their possession, and as to their indebtedness to him.

Section 821 provides that upon the hearing, the judge of

the court may order the property of the judgment debtor not exempt from execution, in the hands either of himself or any other person, or any debt due to the judgment debtor, to be applied to the satisfaction of the judgment, forbid transfers of property and choses in action, and that the judge shall have power to enforce all orders and decrees in the premises by attachment or otherwise.

It will be observed, that in all these sections, the word "property" is used, and not the word "money."

Property is the word used in section 819, which relates to third persons, and yet it has been held, as we have seen, that the money of the judgment debtor, in the hands of such third persons, may be reached by the proceeding. The word "property," as used in that section, has thus been given a meaning broad enough to include money. And if it has that meaning in that section, there is no reason why it should not have the same meaning in the other sections, especially in section 816.

In another section of the same act, R. S. 1881, sec. 817, the word "money" is used, and it is provided that when the judgment plaintiff shall, at the time of applying for the order, or at any time thereafter, make and file his affidavit that there is danger of the judgment debtor leaving the State, or concealing himself, and that there is reason to believe that he has property, rights, credits, moneys and effects, which he unjustly refuses to apply in satisfaction of the judgment, with intent to defraud the creditor, the court shall issue to the sheriff an order of arrest and bail. It would not only be folly, but a gross violation of rights, to arrest and hold a party about to leave the State with money, if that money can not be reached by the final order to be made in the proceeding.

The word "property," as it occurs in the act, is manifestly used in the broad sense of including every species of things in which there may be an ownership, and which may be made available in the payment of judgments. Money may be levied upon under an ordinary execution, if turned out by the

owner, but not if he keeps it in his pocket and refuses to surrender it.

The proceeding supplemental to execution, in our judgment, was intended, not only to discover property, but to reach money and other property which the judgment debtor refuses to apply in payment of the judgment, and which can not be reached by an ordinary execution.

We do not now recollect that there has been any direct adjudication upon this question by this court, but there are reported cases which show that in such proceedings, judgment debtors have been ordered to pay over money, to be applied upon the judgment, and that such orders have been at least impliedly sanctioned as correct.

It results from what we have said, that in the supplemental proceedings mentioned in the plea, the court had authority to order appellant to pay into court any money which it was found he had and refused to apply in payment of the judgment, and to enforce that order by attachment and imprisonment.

If, as stated in the second plea, the court found that appellant had money which he unjustly withheld, it made a mistake as to the law in rendering judgment against appellee for costs.

There should have been an order upon appellant to pay the money into court, and an enforcement of that order by attachment and imprisonment if necessary.

If the judgment in such a proceeding is a bar to a proceeding like this, it can make no difference what the finding of facts in that case may have been. It is the final judgment, and not the verdict or finding of facts, that constitutes the estoppel. If the conclusions of law upon the facts found were erroneous, the remedy was by an appeal. *Faught* v. *Faught,* 98 Ind. 470 (472); *Farrar* v. *Clark,* 97 Ind. 447 (450); *Davenport* v. *Barnett,* 51 Ind. 329; *Indiana, etc., R. W. Co.* v. *Koons,* 105 Ind. 507 (512); Herman Estop. and Res Judicata, sections 60, 107 and 108.

As we have said, the issue for trial, presented by the affidavit or verified complaint in the supplemental proceedings, is the same issue presented by the affidavit or verified complaint in this case.

The mode of procedure provided by the statutes in the two cases is very similar, and the manner of enforcing payment is, in substance, the same. Either proceeding may be resorted to for the purpose of reaching money in the hands of the judgment debtor, and in either case, if he does not surrender it when ordered so to do, he may be imprisoned. It is not necessary to an estoppel by judgment, that the former action, in which the issue was adjudicated, shall be the same form of action as that in which the former adjudication is pleaded. Where, as here, the former action was for substantially the same object, and the same matters were in issue, and were determined by final judgment, that judgment will be a bar to the prosecution of the subsequent action. We have many cases in which adjudications have been held to be bars to subsequent actions, although the forms of the actions were different. *Cutler* v. *Cox,* 2 Blackf. 178; *Campbell* v. *Cross,* 39 Ind. 155; *Reeves* v. *Plough,* 46 Ind. 350; *Reid* v. *Huston,* 55 Ind. 173; *Farrar* v. *Clark, supra; Faught* v. *Faught, supra; Turner* v. *Allen,* 66 Ind. 252. See, also, *Roberts* v. *Heim,* 27 Ala. 678; *Cannon* v. *Brame,* 45 Ala. 262; Herman Estop. and Res Judicata, sections 111, 214; *Stowell* v. *Chamberlain,* 60 N. Y. 272.

As we have before stated, the same evidence that would have established the charges in the affidavit or verified complaint in the supplemental proceedings, would establish the charges in the affidavit or verified complaint in the case before us. That has been applied as a test to determine whether the cause of action in the two cases is the same, and whether, therefore, an adjudication in one is a bar to the other.

In the case of *Taylor* v. *Castle,* 42 Cal. 367 (372), it was said: " The cause of action is said to be the same where the same evidence will support both actions; or, rather, the judg-

ment in the former action will be a bar, provided the evidence necessary to sustain a judgment for the plaintiff in the present action would have authorized a judgment for the plaintiff in the former." See, also, the Indiana cases above cited; Bigelow Estop., p. 37; Herman Estop. and Res Judicata, section 259.

Applying the test above mentioned, the cause of action in the two cases under examination was the same.

That the cause of action in two cases is the same, is another test by which it is determined that an adjudication in one is a bar to the other. Herman Estop. and Res Judicata, sections 106, 107, 111; *Kalisch* v. *Kalisch*, 9 Wis. 529; *Stowell* v. *Chamberlain, supra.*

In the case of *Veeder* v. *Baker*, 83 N. Y. 156 (160), it was said: "Jurists have found much difficulty in precisely defining a cause of action. (Pomeroy on Rem., section 452). It may be said to be composed of the right of the plaintiff and the obligation, duty or wrong of the defendant; and these combined, it is sufficiently accurate to say, constitute the cause of action."

Under this definition, which seems to be a reasonable one, the cause of action in the supplemental proceeding and in the case before us is the same. The right of appellee was to have the money in the possession of appellant applied in satisfaction of the judgment. The duty of appellant was to so apply that money, and his wrong was in withholding it and refusing to apply it in payment of the judgment. The cause of action was the same; the evidence necessary to establish appellee's rights in either case was the same; the end to be accomplished by either proceeding was the same, and the method provided for the accomplishment of that end is substantially the same.

Our conclusion upon the whole case is, that the judgment in the proceeding supplemental to execution is a bar to the present action, and that, therefore, the court below erred in sustaining the demurrer to the pleas in bar.

The judgment is reversed at appellee's costs, and the cause is remanded with instructions to the court below to overrule the demurrer to those pleas and sustain the demurrer to the verified complaint.

Filed Jan. 6, 1887.