No. 13,381.

## McKinney v. Snider et al.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION. — *Complaint.* — *Necessary Averments.*—Where the complaint in proceedings supplementary to execution fails to show that an execution had issued to the sheriff of the county in which the debtor resides, or to the sheriff of the county in which the judgment was rendered, in case the debtor is a non-resident of the State, it is bad.

SAME.—*Exemption.*—*Pleading.*—A general averment that the amount due from a third person to the execution defendant, together with the other property belonging to the latter, exceeded the amount which he was entitled to claim as exempt from execution, is merely the statement of a legal conclusion.

From the Clinton Circuit Court.

*J. N. Sims,* for appellant.

*B. K. Higinbotham, M. Bristow, T. H. Palmer, W. F. Palmer* and *S. O. Bayless,* for appellees.

MITCHELL, J.—McKinney commenced a proceeding supplemental to execution by filing a verified complaint in which he alleged that he had recovered judgment for $254.20 against James B. Snider, in the Clinton Circuit Court, on the 4th day of September, 1879, which judgment remained wholly unpaid. It was averred that an execution had been duly issued, and that the defendant, the Louisville, New Albany and Chicago Railway Company, was indebted to Snider in the sum of $500, " which together with property which said Snider might lawfully claim as exempt from execution exceeds the amount of his said exemption." It was averred that the defendants " wrongfully withheld " the money from the payment of plaintiff's judgment. The court sustained a demurrer to the complaint.

Before a judgment creditor is entitled to resort to the extraordinary remedy of a proceeding supplemental to execu-

tion, he must first have procured an execution against the property of the judgment debtor to issue to the sheriff of the county in which the debtor resides, or, if he do not reside in the State, to the sheriff of the county in which the judgment was rendered. When an execution so issued has been returned unsatisfied in whole or in part, the creditor shall be entitled to an order requiring the judgment debtor to appear forthwith and answer concerning his property.

It is averred in the complaint in the present case that an execution was issued, but the complaint wholly fails to indicate whether or not it issued to the sheriff of the county in which the execution defendant resided.

In *Fowler* v. *Griffin*, 83 Ind. 297, this court said : " It is just as necessary that the complaint should show that the execution had issued to the proper county, as that it had issued at all." Accordingly it has been repeatedly held that the absence of an averment showing that an execution had issued to the sheriff of the county in which the execution debtor resides, or of the county in which the judgment was rendered, in case the debtor is a non-resident of the State, renders the complaint fatally defective. *Pouder* v. *Tate*, 111 Ind. 148.

The averment that the amount due from the railroad company, together with the other property of the execution defendant, exceeded the amount which the latter was entitled to claim as exempt from execution, was nothing more than the statement of a legal conclusion. It was not a statement of the facts showing that the debt, together with other property claimed by the debtor as exempt from execution, exceeded the amount of property owned by the debtor which by law he was entitled to exempt. *Abell* v. *Riddle*, 75 Ind. 345 ; see, also, *Mitchell* v. *Bray*, 106 Ind. 265.

The court committed no error.

The judgment is affirmed, with costs.

Filed Nov. 17, 1888.