# JOYCE v. EVERSON.

[No. 19,943.	Filed November 24, 1903.]

CONTEMPT.—*Execution.*—*Supplementary Proceedings.*—*Imprisonment of Female.*—*False Imprisonment.*—The provision of §817 Burns 1901 that no female shall be imprisoned upon any order of arrest and bail, or upon an execution against the body, applies only to arrests in proceedings in the nature of the common law writ of *capias ad satisfaciendum*, and does not prevent the imprisonment of a female for contempt of court in refusing to obey an order issued by the court in a proceeding supplemental to execution directing her to pay over money in her hands belonging to the judgment debtor.

From Hancock Circuit Court; *E. W. Felt*, Judge.

Action by Ellen Joyce against Joseph Everson for false imprisonment. From a judgment in favor of defendant, plaintiff appeals. *Affirmed.*

*David Smith, K. M. Hord* and *E. K. Adams*, for appellant.

*Ephraim Marsh* and *W. W. Cook*, for appellee.

HADLEY, J.—False imprisonment. In a proceeding supplemental to execution instituted by appellee against his judgment debtor, appellant was summoned to answer concerning money in her hands belonging to the said debtor. On April 13, 1899, upon answer and trial the court found that appellant had in her possession $600, the property of said judgment debtor, which ought to be applied to the satisfaction of appellee's judgment, and thereupon entered an order and judgment that appellant forthwith turn over to the clerk of the court said sum of $600, or so much thereof as should be necessary to pay appellee's judgment. Appellant failing to comply with the order, appellee on September 7, 1899, filed his affidavit, and moved the court for an order against appellant to show cause why she should not be punished

as for a contempt of court in failing and refusing to obey said order. Appellant failed to show cause, whereupon she was adjudged guilty of a contempt of court for disobedience of said order, and committed to the jail of the county until she complied therewith, or was discharged according to law. Under said contempt order the sheriff committed appellant to the county jail, where she was confined about twenty days, and when, with the consent of the appellee, and without complying with said order, or attempting to do so, she was released from custody, and brings this suit. She recites in her complaint the foregoing facts, and also that she is a female, and prays judgment for her damages in being illegally and wrongfully imprisoned. Appellee's demurrer was sustained to the complaint, and, appellant refusing to amend, judgment was rendered against her, from which she appeals.

The question for our decision is, did the trial court possess legal authority to commit appellant—being a female—to the county jail as for a contempt of court in refusing to obey its order? Appellant affirms that no such power existed, and directs attention to §817 Burns 1901, which provides that no female shall be imprisoned upon any order of arrest and bail, or upon an execution against the body, as sustaining her contention. It will be observed that the section referred to is one of a series which prescribes a procedure termed an execution against the body, and which is in the nature of the old common law writ of *capias ad satisfaciendum,* but which is limited to a particular class of cases, where, among other things, the execution debtor has in his possession money, credits, etc., with which the judgment might be paid, and which he fraudulently withholds or conceals for the purpose of delaying or defrauding the creditor. §804 Burns 1901. An execution against the body is an extraordinary civil remedy. It can be invoked only in cases where the ordinary execution against property is shown to be unavailing on

account of the debtor's fraud. It is a legal process provided by the legislature as an efficacious agency against the wrongful practices of the execution debtor, and is claimed and issued as a matter of right when the creditor brings himself within prescribed conditions. *Baker* v. *State, ex rel.,* 109 Ind. 47. In a successful proceeding to procure an execution against the body, imprisonment of the fraudulent debtor in the county jail in default of obedience to the court's order, is as much a part of the fixed procedure as the filing of the original affidavit. In such case the court administers, and the sheriff executes the law as written. And in such case the court has no authority of law to imprison a female.

But the case we have before us rests upon a very different foundation. While a proceeding supplemental to execution—being the one complained of here—is analogous in many of its provisions to a proceeding for an execution against the body, those we have under review bear no likeness to the corresponding provisions of the latter. Relating to the supplemental proceeding, §833 Burns 1901 provides that upon the hearing the court may order any property of the judgment debtor in the hands of himself or any other person applied to the satisfaction of the judgment, and "such judge or court shall have full power to enforce all orders and decrees in the premises, by attachment or otherwise." While this section occurs in the same act and chapter as the proceeding for an execution against the body, it is nevertheless a part of a separate and distinct scheme in aid of the collection of money judgments, and in order of position is subsequent to the former. The difference in the two schemes is, in some respects, so vital as to preclude the belief, in the absence of express words, that the legislature intended that §817, *supra,* should apply to attachment cases arising under §833, *supra.*

In the first place appellant was a stranger to appellee's judgment. No execution of any kind could issue against

her or her property for its payment. But she was found in possession of money that belonged to the person who owed the judgment, and upon which she had no claim. She was commanded by the court to yield that possession to the law, and she refused. The court, in vindication of its authority, attached her for contempt, and ordered her commitment to the county jail. The order of commitment was in no sense such an execution against the body as the legislature had in contemplation in the adoption of §817, *supra.* The order was not a prescribed writ or process, nor in aid of a civil remedy. It proceeded directly and primarily from the court as a means of maintaining its authority. The foundation of the commitment was appellant's disobedience in refusing to obey the court's mandate, and not a fraudulent effort to circumvent the payment of one's own debt. The collection of the debt was only indirectly involved.

But the authority of the court to commit appellant rests upon higher grounds. The judiciary is a coördinate branch of the State government, and possesses powers which were not given it by the legislature, and which the legislature can not take away. Powers which are purely judicial, and essential to the existence and efficiency of courts of superior jurisdiction, are inherent; that is, they spring from the nature and constitution of the tribunal to preserve its integrity and accomplish its objects. *Hawkins* v. *State,* 125 Ind. 570; *Cheadle* v. *State,* 110 Ind. 301, 59 Am. Rep. 199; *Holman* v. *State,* 105 Ind. 513; *Stonehill* v. *Stonehill,* 146 Ind. 445; *Little* v. *State,* 90 Ind. 338, 46 Am. Rep. 224. It is said in the last case cited that "Among the inherent powers of a court of superior jurisdiction is that of maintaining its dignity, [and] securing obedience to its process and rules.  *  *  * Without the power to punish for contempt, no others could  *  *  * be effectively exercised. There is no doubt but the power to punish for contempt is an inherent one, for,

independent of legislation, it exists, and has always existed, in courts of England and America. It is, in truth, impossible to conceive a superior court as existing without such a power."

The law has always been liberal towards females, and considerate of their punishment, but the courts have never gone so far as to hold them immune from imprisonment for contempt. The legislature has expressly sanctioned imprisonment for contempt (§1022 Burns 1901), in general terms, and without any exception of females. There can be no adequate reason why females should not be held to render the same respect and obedience to the rules and orders of superior courts as are required of men, and be coerced, when necessary, by the same means. Section 817, *supra,* as it relates to executions against the body, is, at least, of doubtful propriety, and we have no disposition to extend it to contempt proceedings. The reasons are further exemplified by the facts of this case. As the record comes to us, appellant makes no denial of the correctness of the court's finding, and no complaint of its order that she deliver the debtor money to the clerk for the satisfaction of appellee's judgment, but contumaciously defies its execution because she is a female. If she is exempt from imprisonment for this contempt, then she may indulge any disobedience or unseemly conduct towards the court with impunity. That she might do so is absurd. She elected to go to jail rather than surrender the money, was released after twenty days' confinement without compliance or attempt at compliance with the order, or effort to purge herself of her contempt, and she should consider herself fortunate that she fared no worse.

Judgment affirmed.