BECKER ET AL. *v.* WARD

[No. 18,889. Filed June 13, 1957.]

*Ralph W. Probst, of* Kendallville, for appellants.

*Porter D. Crowell,* of Kendaville, and *Donald L. Trennepohl,* of Angola, for appellee.

ROYSE, J.—Appellee brought this action against appellants Kenton Becker and his wife Johanna Becker to set aside a bill of sale for certain personal property from the husband to the wife. The second paragraph of complaint everred appellants had entered into a conspiracy to defraud appellee. (Hereinafter appel-

lants, when referred to individually, shall be designated husband or wife.)

On proper request the trial court made special findings of fact which may be summarized as follows: On the 12th day of January, 1952 the husband was indebted to appellee on the unpaid balance of a judgment in the sum of $1750.00. On that date he was the owner of cattle, hogs, farm machinery, and a 1940 Buick automobile. On said date he delivered a bill of sale purporting to transfer said property to the wife and since that time she has had possession of and exercised dominion over the same. On said date the wife paid a mortgage debt owed by the husband of $1547.90 and other debts of his in the sum of $550.00; that this was the only consideration paid by the wife for this property; that he gave the wife the 1940 Buick automobile and prior to the date of sale gave household goods away; that at the time of the execution of the bill of sale the wife knew the husband had no other property and was indebted to appellee by reason of said judgment; that the value of the property transferred by the bill of sale was over the indebtedness of the husband that the wife had paid for him; that the transfer of this property was made with the fraudulent intent of both appellants to cheat, hinder and delay appellee in the collection of her judgment; that ever since said transfer the wife has claimed complete dominion over said property. She is the owner of the farm on which appellants live and claims and takes all of the fruits of said farm. The husband has devoted his full time to the farming of this land and has neither claimed nor received wages or earnings for such work and he has no income or property other than clothing; that since said sale the wife has traded some of the machinery, live stock, and the Buick automobile; that as against the judgment of appellee said property is solely and exclusively the

property of the husband; that appellants have executed a note to the Albion Production Credit Corporation and secured the same by a mortage on said property; that by paying the pre-existing debts of the husband the wife paid the consideration of $2097.50 for his personal property; that appellee heretofore instituted a proceeding supplemental against the husband in the Steuben Circuit Court; that the wife was not a party to said action nor was any pleading filed therein which raised the issue of fraud. On said proceedings the Steuben Court made a general finding against appellee and rendered judgment against her for costs; that the unpaid balance owing by the husband to appellee, including interest, is $2007.00; that the transfer of said property is fraudulent and void as against appellee, but the wife is entitled to a lien against said property for the money actually paid out by her; that the judgment for appellee against the husband was for alimony in a divorce action in the Noble Circuit Court.

Upon these facts the court stated its conclusions of law as follows:

"1. That the law is with the plaintiff.

2. That the transfer of the chattel property described in the Bill of Sale from the defendant Kenton Becker to the defendant Johanna Becker dated January 12, 1952 should be set aside as against the judgment of the plaintiff; that as against said judgment the automobile of the defendants and all live stock and farm machinery located upon the farm of said defendant Johanna Becker upon which the defendants reside is the property of the defendant Kenton Becker and subject to the chattel mortgage thereon is subject to execution upon the judgment of the plaintiff.

3. That the defendant Johanna Becker has a lien against all of said chattel property in the sum of $2097.90 which is prior and superior to the rights of the plaintiff in said property.

4. That said chattel property including said

automobile and said farm machinery and live stock should be ordered sold upon execution subject to the chattel mortgage thereon and after the payment of the costs of such sale the proceeds should be applied as follows:

1st: to the payment of Johanna Becker of the said sum of $2097.90.

2nd: to the payment of the amount due upon the judgment of the plaintiff against the defendant Kenton Becker and

3rd: any excess to the defendant Johanna Becker.

Signed and filed this 9th day of January, 1956."

Judgment for appellee in accord with the foregoing conclusions of law.

The errors assigned here, not waived, are that the court erred in its conclusions of law and in overruling appellants' motion for a new trial. The specifications of that motion are that the decision is not sustained by sufficient evidence and is contrary to law. In the argument portion of their brief appellants combine assignments of error Nos. 2 and 3.

In view of the conclusion we have reached, it is only necessary to consider the first contention of appellants. They say, prior to the commencement of this action appellee had filed her proceedings supplemental concerning the same personal property described in her complaint in this action; that those proceedings were brought to a full conclusion by judgment in the Steuben Circuit Court upon pleadings permitted by the statute and the evidence presented to the court; that such election by appellee was binding on her and that issues concerning the property described in her complaint herein have been adjudicated. They say property in the hands of a third person who claims ownership may be determined by a proceeding supplementary. They assert appellee in that action tried to invoke not only Section

2-4402, but also Section 2-4401, but that she is bound by her affidavit, the material part of which is as follows:

> ". . . unjustly refuses to apply income received from farming operations and personal property including farm machinery, an automobile, furniture and bank account toward the satisfaction of this judgment."

Appellants say the evidence in this case shows that the trial court in the first action examined the bill of sale from the husband to the wife, the note and chattel mortgage which the wife paid off at the time, and the court in that case found that appellee should take nothing; that this is a final judgment between the same parties except the wife who was not named in that action but appeared and testified at that trial; that any rights the wife had were acquired by and through the husband and she has a right of mutuality entitling her to plead former adjudication.

Appellee says there is no evidence in the record herein to show that the judgment in the supplemental proceedings is a bar to this action. The affidavit filed by her attorney in that case discloses the sheriff had returned the execution May 27, 1953. The proceedings were brought under Sec. 2-4401, Burns' 1946 Replacement. No issue whatsoever was raised, except to discover what income did appellant have in the years 1952 and 1953 and what personal property did he own including but not limited to farm machinery, automobile and household goods. The wife was not a party to the proceedings supplemental and no issue was raised in the pleadings concerning any right, title or interest she might have. It was only at that hearing the alleged bill of sale was presented by the husband. She says if she had known the wife claimed to be the owner of the property those proceedings could have included an action to set aside the sale

and named her as a party; that the burden was on appellants to show she had knowledge of the alleged bill of sale.

Appellee further says there is a well recognized exception to the rule that a judgment on the merits is a bar to a subsequent action upon the same claim, that is, where it appears the plaintiff had no knowledge or means of knowledge of matters not put in issue in the original action such ignorance or fraud will excuse and the judgment in the first action will not be a bar to a subsequent action to recover on the omitted items.

She further says the party who invokes the doctrine of res judicata must be the one who tendered to the other an issue to which the other could have demurred or pleaded. That the test for determining whether a former judgment is a bar to a present action is: Will the same evidence support the issues tendered in both actions? That the evidence in the former action was confined to the single inquiry. What property did appellant own? Therefore it is not a bar to this action to set aside as fraudulent conveyance.

In the case of *Baker* v. *State, ex rel. Mills* (1886), 109 Ind. 47, 9 N. E. 711, the facts and questions presented to the court were strikingly analogous to those presented here. In that case appellee brought her action against appellant for an execution against his body. The complaint averred appellee had obtained a judgment against appellant and one Gray; that he had fraudulently concealed, removed, conveyed and transferred his property subject to execution with the intent to defraud and delay her in collecting said judgment. After a preliminary discussion of what such a complaint must show, the Supreme Court said, at pages 51, 52:

"With the statement, simply, that in our judgment, the pleas in abatement are insufficient, we

pass to the first paragraph of the plea in bar, which presents the important and vital question in the case.

"That plea is in the way of answer to so much of the verified complaint as charged that appellant has moneys, rights, choses in action, credits and effects with which the judgment might be paid, and which he fraudulently withholds and conceals with the view to delay and defraud appellee in the collection of the judgment.

"The substance of the plea is, that prior to the commencement of this action, appellee instituted proceedings supplemental to execution against appellants Joseph R. Gray, Elisha Mills and Augustus F. Shirts, in the Hamilton Circuit Court, in which county the defendants were residents; that in the affidavit or verified complaint in that action, it was charged that Mills, the principal judgment debtor, was insolvent, and that neither he nor Gray at any time since the rendition of the judgment had any property subject to execution; that appellant had no real estate or other property that could be reached by execution; that he, as owner, had from two to six thousand dollars in cash, and choses in action in his possession, which could not be more particularly described; that Shirts had in his hands fifteen hundred dollars in money, and choses in action belonging to appellant all of which appellant unjustly refused to apply to the satisfaction of the judgment; that all of the defendants in that action appeared and answered the verified complaint by a general denial, and that after hearing the evidence, the court found for said defendants and gave them judgment for costs.

"It is further alleged in the plea, that the moneys, choses in action, credits and effects, which were described in the verified complaint in that action, and which it was charged appellant had, and fraudulently refused to apply in payment of the judgment, are the identical moneys, choses in action, credits and effects described in the verified complaint in this action, and which it is charged he has concealed and withheld, with the fraudulent intent to delay and defraud appellee. It is further alleged, that since the commencement of the supple-

mental proceedings, appellant has not received or acquired any money or property.

"All of the facts thus stated in the plea, the demurrer admits are true. The question then arises, is the adjudication in the proceeding supplemental to execution, conclusive here? Is the plea good as a plea of *res adjudicata?*

. . .

At pages 59, 60:

"If the judgment in such a proceeding is a bar to the proceeding like this, it can make no difference what the finding of facts in that case ■ may have been. *It is the final judgment, and not the verdict or finding of fact, that constitutes the estoppel.* If the conclusions of law upon the facts found were erroneous the remedy was by an appeal. . . .

"As we have said, the issue for trial, presented by the affidavit or verified complaint in the supplemental proceedings, is the same issue presented by the affidavit or verified complaint in this case.

"The mode of procedure provided by the statutes in the two cases is very similar, and the manner of enforcing payment is, in substance, the same. Either proceeding may be resorted to for the purpose of reaching money in the hands of the judgment debtor, and in neither case, if he does not surrender it when ordered so to do, he may be imprisoned. It is not necessary to an estoppel by judgment, that the former action, in which the issue was adjudicated, shall be the same form of action as that in which the former adjudication is pleaded. Where, as here, the former action *was for substantially the same object, and the same matters were in issue, and were determined by final judgment, that judgment will be a bar to the prosecution of the subsequent action.* We have many cases in which adjudications have been held to be bars to subsequent actions, although the forms of the actions were different." (Authorities) (Our emphasis).

See also, *Beavens et al.* v. *Groff* (1937), 211 Ind. 85, 91, 5 N. E. 2d 514; *Pisarski et al.* v. *Glowiszyn et al.*

(1942), 220 Ind. 128, 132, 41 N. E. 2d 358, quoting from the Baker case, *supra*.

In *City of Anderson* v. *Fleming* (1903), 160 Ind. 597, 67 N. E. 443, the Supreme Court held that a city is liable equally with an independent contractor to a person who was injured by stepping into an excavation across a sidewalk made by such contractor, where such excavation was authorized by the contract and was of such a character as to render the sidewalk dangerous for public travel. But where one who received an injury under such circumstances brought suit against the contractor which resulted in a judgment for the defendant, such judgment may be pleaded in bar of an action by such person against the city for such injuries.

In *Johnson* v. *Knudson-Mercer Co.* (1906), 167 Ind. 429, 432, 433, 79 N. E. 367, speaking of the question of former adjudication, the Supreme Court said:

> "The subject-matter of the particular issue must be identical, and the parties or their privies to the pending suit must have been adverse parties to the same issue in the former suit, but it is not important that the parties to the two suits shall be the same. (Authorities).
>
> "Neither is it essential to a sufficient plea of former recovery that the plea should show that the former suit was the same. It was enough to show that the particular controversy was in issue, and judicially determined between the parties to the present suit. *'The best and most invariable test as to whether a former judgment is a bar'*, says a distinguished author, *'is to inquire whether the same evidence will sustain both the present and the former action. If this identity of evidence be found it will make no difference that the form of the two actions is not the same.'* 1 Freeman, Judgments (4th ed.), §259, and many cases collated." (Our emphasis).

In *Baker* v. *Powell et al.* (1953), 124 Ind. App. 77, 114 N. E. 2d 894, this court, in overruling the con-

tention of appellant that under the provision of §2-4401, *supra,* the only relief provided was that the judgment creditors shall be entitled to an order requiring the judgment debtor to appear and answer concerning his property or income, quoted as follows from *Mitchell* v. *Godsey* (1944), 222 Ind. 527, 541, 542, 53 N. E. 2d 150:

> " ' . . . . The appellant apparently contends that the 'hearing' mentioned in §4 (Acts 1937, ch. 84) is only a hearing in a proceeding based on §2 or §3; that in a proceeding under §1 the judgment creditor may procure knowledge as to the defendant's property and income but that the court can make no order relative to such property and income until a proceeding is brought and a hearing had under §2 or §3. We can see no valid reason for such an interpretation of this section of the statute. *The statutes provides for a hearing in the proceedings authorized by each of the first three sections. Section 4 states that upon 'the hearing' the court may make an order for the application of defendant's property or income toward the satisfaction of the judgment.* No valid reason is suggested for limiting the application of §4 to two out of the three preceding sections . . . ' "

and then held:

> "We conclude that so long as a judgment creditor proceeds by proper allegations under one or all of the first three sections of the statute, thereafter 'the court may make an order for the application of defendant's property or income toward the satisfaction of the judgment' within the limits of the act."

It is disclosed by the record herein that prior to the execution of the bill of sale by the husband and the payment of his debts by the wife she consulted Mr. Crowell (appellee's attorney in this case) who advised her she should transfer her real estate to a son by a prior marriage. She refused to do this and then con-

sulted her present attorney whose name appears on the bill of sale. It is also disclosed by the record that Mr. McNagny, who was appellee's attorney in the proceedings supplemental, subpoenaed the wife to testify in that action. The bill of sale which is the subject of this action was introduced in that case. It is undisputed that the property involved in that action is identical with the property involved herein. The issues presented for trial in both cases are the same. This is sufficient to invoke the doctrine of *res judicata*. *Baker* v. *State ex rel. Mills, supra.*

Under the authorities cited herein there is no merit to the contention of appellee that the only issue before the court in the proceedings supplementary was to discover what income the husband had and what property he owned.

Nor can we find any merit to appellee's contention that she did not know of the bill of sale to the wife until the trial of her action for supplementary proceedings and therefore the judgment in that case cannot be a bar to this action. As heretofore indicated, appellee's attorney subpoenaed the wife as a witness in that trial. Why? Furthermore, appellee concedes she could have made the wife a party in that action. She does not contend she made any effort to do so.

Finally, it cannot be questioned the same evidence would support the issues in both actions. In this case we can consider only the final judgment in the first case. *Baker* v. *State ex rel. Mills, supra.* If the trial court in that case made erroneous findings or abused its discretion in not giving appellee time to meet the issue raised by the introduction of the bill of sale in evidence, she could have appealed that judgment.

For the reasons herein stated, the judgment is reversed with instructions to the trial court to restate

its conclusions of law in accord with the views herein expressed, and to enter judgment accordingly.

NOTE.—Reported in 143 N. E. 2d 108.