May Term, 1857.

FIGG
v.
SNOOK.

*Per Curiam.*—The judgment is affirmed, with 5 per cent. damages and costs.

*J. R. Slack* and *J. P. Greer*, for the appellant.
*W. March*, for the state.

---

## FIGG and Another *v.* SNOOK and Another.

The term "property," as applied to lands, includes every species of title, inchoate or complete; and it embraces the rights which lie in contract, whether executory or executed.

Section 519, 2 R. S. p. 152, providing a remedy against a judgment-debtor who has property subject to execution which he refuses to apply in satisfaction of the judgment, is a substitute for the former remedy by creditor's bill.

The interest of a judgment-debtor in real estate, in his possession under a contract of purchase—the legal title being in his vendor—may be applied in satisfaction of the judgment, in the mode prescribed by section 519, *supra*.

*Wednesday, June 3.*

APPEAL from the *Montgomery* Court of Common Pleas.

DAVISON, J.—This was a suit instituted by *Snook* and *Binford*, who were the plaintiffs, to obtain satisfaction of a judgment. The proceeding is founded upon a statutory

enactment which provides that, when an execution is returned unsatisfied, in whole or in part, and the judgment-creditor, after such return, files an affidavit with the clerk of any Court of record, &c., to the effect that the judgment-debtor has property, describing it, which he unjustly refuses to apply towards the satisfaction of the judgment, the Court shall issue an order requiring him to appear, &c., and on hearing the case, may order any of his property not exempt from execution, to be applied in payment of the judgment. 2 R. S. p. 152.

The affidavit in this case alleges that the plaintiffs, at the *July* term, 1855, recovered a judgment in the *Montgomery* Common Pleas, against *John Figg*, for 112 dollars, and that upon said judgment a writ of *fieri facias* issued, which, on the 29th of *December*, 1855, was duly returned *nulla bona;* that *Figg* has an interest in lot numbered 57, on the original plat of *Crawfordsville, Montgomery* county, which interest, over and above the amount exempted by law from execution, is sufficient to pay the judgment, and that the legal title to said lot is in one *Edmund Nutt*, but of his or *Figg's* precise interest, the affiants are uninformed. *Nutt* and *Figg* appeared and answered. Their answers admit the judgment, execution and return as stated in the affidavit; but aver that *Nutt*, in the year 1843, sold the lot in question to *Figg*, gave him a bond for a deed upon full payment of the purchase-money, and that under his purchase he, *Figg*, took, and still retains, possession of the property, and has made valuable improvements thereon; that *Nutt* still holds the legal title to the lot, and that of the purchase-money, there is yet unpaid 178 dollars, &c.

Upon the hearing, the Court found, *inter alia*, that *Figg's* interest in the lot, after deducting the amount due for purchase-money, and 300 dollars exempt from execution, was of the value of 520 dollars. And thereupon it was finally adjudged that the interest so valued be sold for the payment of the plaintiffs' judgment, &c. *Figg* appeals to this Court.

The appellant contends that the word "property," as used in the enactment to which we have referred, in the

legal sense, means, the right and interest which a man has in lands and chattels, to the exclusion of others (1); that he, *Figg*, had no such right and interest in the lot; and that the decision of the Common Pleas is, therefore, erroneous.

This is not, in our opinion, a proper exposition of the statute. Ch. J. MARSHALL has said that " the term 'property,' as applied to lands, includes every species of title, inchoate or complete;" and that "it is supposed to embrace those rights which lie in contract; those which are executory, as well as those which are executed." *Soulard* v. *The U. S.* 4 Pet. S. C. 112 (2).

In view of this interpretation of the word "property," which is no doubt correct, we are inclined to hold that the interest sought to be appropriated in this action, is within the purview of the statute. Prior to the revision of 1852, the object contemplated in this case could have been attained by suit in equity, in the form of what was then denominated a creditor's bill; and it is not an unfair conclusion, that the proceeding authorized by the enactment under consideration was intended as a substitute for the former remedy. We are, therefore, of opinion that the interest of a judgment-debtor in real estate in his possession under a contract of purchase, the legal title being in his vendor, may be appropriated in the mode prescribed by the statute.

*Per Curiam.*—The judgment is affirmed with costs.

*I. Naylor* and *J. Wilson*, for the appellants. .

(1) See 6 Binn. 98; 17 Johns. 283; 14 East, 370; 11 East, 290, 518.
(2) See 2 Black. Com. 2, 15; 1 *id.* 138; 1 Jarman on Wills (Perk. ed.) 566, 570; 4 Kent's Com. 535.