---
Jeffries *v.* Sherburn et al.

---

*Per Curiam.*—The judgment is affirmed, with costs.

*J. A. Matson, J. A. Scott* and *D. R. Eckels,* for the appellant.

*Williamson & Daggy,* for the appellee.

### JEFFRIES *v.* SHERBURN *et al.*

LIEN OF JUDGMENT—SHERIFF'S SALES.—A judgment is no lien on land, which the debtor holds by a bond, or school land certificate issued by a county auditor under the school law, conditioned for the execution of a title on payment of the purchase money, though he had taken possession and paid the money before the rendition of the judgment; and a sheriff's sale, on execution against the obligee of land so held, conveys no estate to the purchaser.

APPEAL from the *Posey* Circuit Court.

DAVISON, J.—*Jeffries,* who was the plaintiff, sued *Sherburn* and *Whitworth* for the recovery of land in *Posey* county, described as the "north-east quarter of the north-east quarter,

Jeffries *v.* Sherburn et al.

of section 16 in township 7, south of range 4 west." The complaint is in the usual form. *Sherburn* filed a disclaimer. *Whitworth* answered: 1. By a denial. 2. That he holds possession of the land under and by virtue of a school land certificate, or bond, issued by *Thomas F. Prosser*, auditor of *Posey* county, to *Francis A. Ashworth*, on the 15th of *April*, 1856, and he, on the 6th of *March*, 1857, assigned the same land to *John Hershman*, who, on *January* 21st, 1862, assigned it to the defendant, and that the assignment of the bond to the defendant vested in him all the right, title and interest in and to the land. Wherefore, he says that he is the owner thereof, and entitled to the possession, &c. The bond was filed with the complaint, bears date *April* 15th, 1856, and and stipulates as required by the statute. See 1 R. S. pp. 451 and 452, §§ 99, 100 and 107. To this answer the plaintiff replied, " that the land described, &c., was, on the —— day of *November*, 1861, sold by the sheriff of said county, by virtue of sundry executions against *John Hershman*, the defendant's assignee, and purchased by the plaintiff, who, pursuant to the sale, received a sheriff's deed, &c. Defendant demurred to the reply. The Court sustained the demurrer and final judgment was given, &c.

The action of the Court in sustaining the demurrer raises the only question in the case. Did the sheriff's deed invest the plaintiff with the right to possess the land? *Hershman*, when the sheriff made the sale, had a certificate of purchase, which entitled him to a deed in fee, within ten years from the date of the certificate, provided he had, within that period, paid the purchase money and interest as stipulated in the contract of sale. And this Court has decided that "a judgment is no lien on land which the debtor holds by bond conditioned for the execution of a title, on payment of the purchase money, though he had taken possession and paid the money before the rendition of the judgment, and a sheriff's

sale, on execution against the obligee of the land so held, conveys no title to the purchaser." *Modisett* v. *Johnson*, 2 Blackf. 431. The appellant, however, concedes that a mere equitable interest in land can not be sold on execution, but contends that "the statute regulating the sale of school lands gives the purchaser, holding by certificate, and before payment, a well defined legal interest and estate in the premises." We are not inclined to adopt that position. In *Dickerson* v. *Nelson*, 4 Ind. 160, it was held that, "a certificate for canal land which shows on its face that part of the purchase money is unpaid, is not evidence of legal title." And it seems to us that the certificate in this case invests *Hershman* with no other or greater interest in the land than he would have had under an ordinary title bond, or a certificate for canal land. It is true, the statute gives "every purchaser" of school lands, "until forfeiture" by failing to pay the annual interest as "the same becomes due," the right of possession. 1 R. S. pp. 451, 452, §§ 100, 108. But this makes the certificate of the auditor give precisely the same interest which would be given by a title bond, with a clause giving the purchaser possession of the premises during the time allowed for payment. If this position be correct, and we think it is, the interest of *Hershman* in the land, under the certificate, was not as contended, "a well defined chattel real." See 1 Bouvier's Inst. 184; 2 Kent's Com. 342; but a mere right in equity coupled with possession, which, as we have seen, is not a leviable interest. *Modisett* v. *Johnson*, *supra*. Indeed the mode usually adopted by a judgment creditor to subject the equitable estate of his debtor to the payment of the judgment, is to institute a suit under the statute which regulates "proceedings supplementary to execution." 2 R. S. p. 152; *Figg* v. *Snook*, 9 Ind. 202.

*Per Curiam.*—The judgment is affirmed, with costs.

*John Pitcher*, for the appellant.

*Ellis Lewis*, for the appellees.