## DEVAN v. ELLIS.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—Proceedings in aid of execution, based upon an affidavit alleging that an execution had been returned unsatisfied, &c., and that A was indebted to the defendant, and that B was also indebted to him, or had notes of his in his possession.   A answered, not under oath, denying the allegations of the com-

plaint, and B, under oath, to the same effect. B moved to dismiss the proceedings as to him, but without any action upon the motion the case was heard by the court, who found for the plaintiff, that execution had been returned unsatisfied, &c., and that A was at the time of the service of the writ indebted to the defendant in the sum of $83, which he had thereafter paid over to B. Judgment was rendered against B for said sum of $83 and costs, to be credited when paid on the former judgment. On appeal by B, the evidence not being in the record, it was

*Held,* that there was no error in the proceedings below.

APPEAL from the *Putnam* Common Pleas.

GREGORY, J.—*Hamilton E. Ellis* filed his statement, under oath, in the court below, against *James Devan, John Blair,* and *Michael Devan,* averring that he had recovered a judgment in that court against *James Devan* for $150; that he had caused an execution to be issued thereon, which had been returned unsatisfied; that *James Devan* is an unmarried man, and therefore not entitled to any exemption; that said *James* had caused his money to be loaned out and secreted from the plaintiff; that his property consists of notes, accounts and money which he refuses to apply to the payment of the judgment; that defendant *Blair* is indebted to said *James* in the sum of $600, for money loaned, and that *Michael Devan* is indebted to said *James*, or has moneys, notes and other property of the execution defendant in his hands and under his control, which ought to be applied in satisfaction of the judgment.

*Blair* answered, without oath, denying the allegations of the complaint. *Michael Devan* answered, under oath, that he was not indebted, either directly or indirectly, to *James Devan* in any sum whatever; that he had no money, notes, or other property, of any kind whatever, in his hands belonging to, or in anywise the property of, said *James*, nor had he the control, either as agent or otherwise, of any moneys, notes, or other property belonging to said *James,* and moved to dismiss the proceedings as to himself.

The court below heard the case on the evidence, and found that the plaintiff, on, &c., recovered judgment in that court against *James Devan* for $150 and costs;

that on, &c., an execution issued on the judgment and remains wholly unsatisfied; that *Blair* had $83 in his hands at the time of the commencement of these proceedings, which he had thereafter paid over to to *Michael Devan*. The court, on this finding, rendered the following judgment: "It is therefore considered and ordered by the court that said plaintiff recover of said defendant *Michael Devan* the sum of $83, together with his costs herein, taxed at ———— dollars, and that the said amount, when collected, be applied on said judgment, interest and costs."

The errors complained of are, 1. That the cause was tried without the motion to discharge *Michael Devan* being first decided. 2. That the court finds *Blair* indebted at the time of the service of the writ, and renders judgment against *Michael Devan* for the amount thereof. 3. That the judgment of the court is not such as the statute authorizes. 4. That there was a joint trial of three defendants, and a finding and judgment as to one only. 5. That the costs of the trial of three defendants are all adjudged against *Michael Devan*.

The code provides that "after the issuing or return of an execution against the property of the judgment debtor, or any one of the several debtors in the same judgment, and upon an affidavit that any person or corporation has property of such judgment debtor, or is indebted to him in any amount, which, together with other property claimed by him as exempt from execution, shall exceed the amount of property so exempt by law, such person, corporation, or any member thereof, may be required to appear and answer concerning the same as above provided.

"Witnesses may be required to appear and testify in the proceeding provided for in this chapter (article), and either party may examine the other as a witness, in the same manner as upon the trial of an issue; or the plaintiff may waive the answer of the debtor, and rely upon other testimony. All such examinations and answers shall be on the oath of

the party, except that when a corporation answers, the answer shall be on the oath of an officer thereof.

"Upon the hearing, the judge of the court may order any property of the judgment debtor, not exempt from execution, in the hands either of himself or any other person, or any debt due to the judgment debtor, to be applied to the satisfaction of the judgment, and forbid transfers of property and choses in action, and such judge or court shall have full power to enforce all orders and decrees in the premises by attachment or otherwise." 2 G. & H., §§ 522, 523, 524, pp. 261, 262.

The evidence is not in the record. There was no exception taken in the court below, nor was there any motion made as to the judgment for costs. We think there is nothing in any of the errors assigned. The judgment and order made against the appellant, although not strictly within the provisions of the code, is not erroneous. The statute was substantially pursued.

The judgment is affirmed, with costs.

*S. Claypool* and *J. A. Matson*, for appellant.

*D. E. Williamson* and *A. Daggy*, for appellees.