## FOLSOM v. CLARK.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—*Where Instituted.—Parties.* The statute (2 G. & H. '260, sec. 518) provides for proceedings supplementary to execution against a judgment defendant, in the county where the judgment was rendered in case the defendant is a non-resident. Proceedings against a person other than the judgment defendant, on the ground that he has property of the judgment defendant or is indebted to him, should be had in the county where they may be also had against the judgment debtor, who is a necessary party thereto.

From the Vigo Circuit Court.

*R. W. Thompson*, for appellant.

*D. W. Voorhees* and *A. B. Carlton*, for appellee.

WORDEN, J.—This was a proceeding supplementary to execution, by the appellee, Clark, against the appellant, the Phœnix Mutual Life Insurance Company of Hartford, Connecticut, and the Indianapolis National Bank of Indianapolis.

Clark recovered a judgment in the Vigo Circuit Court against the insurance company above named, and issued execution thereon to the sheriff of Vigo county, which was returned wholly unsatisfied. The National Bank of Indianapolis, located in Marion county, and the appellant, Folsom, who was a resident of Marion county, were made parties on a charge that Folsom had deposited funds belonging to the insurance company, in his own name, in the above named bank.

The object of the proceeding was to reach the funds thus deposited and apply them to the payment of the judgment. On the hearing, the court found that there was a certain amount on deposit at the bank belonging to the insurance company, and made the proper order in respect to it.

Folsom alone appeals. Error is assigned upon the overruling of a demurrer by the appellant to the petition or complaint, but there is no such demurrer in the record. Again, the overruling of a motion for a new trial is assigned for error, but the evidence is not in the record.

The only other question raised by the assignment of error is, whether Folsom could be compelled to answer to this proceeding in Vigo county, he being a resident of Marion county. We are of opinion that he could. The judgment debtor, the insurance company, was a non-resident of the State. The statute on the subject of proceedings supplementary to execution, 2 G. & H. 260, sec. 518, provides for proceeding against the debtor in the county where the judgment was rendered, in case the defendant is a non-resident, and the execution has been issued to the sheriff of that county and returned unsatisfied.

We think, from an examination of the whole statute, that it was intended that proceedings against third persons, on the ground that they have property of, or are indebted to, the judgment debtor, should be in the county where they may be had against the judgment debtor.

The judgment debtor was a necessary party to the proceeding. *Chandler* v. *Caldwell*, 17 Ind. 256. Vigo was the county, and perhaps the only county, in which these proceedings could be had against the judgment debtor. The proceedings were, therefore, rightfully had against the other parties in that county.

See note *d* to page 262, 2 G. & H.

The judgment below is affirmed, with costs.