## DUNNING ET AL. *v.* ROGERS.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION.—*Pleading.—Complaint.—Transcript of Judgment.*—In proceedings supplementary to execution by a judgment creditor to subject an indebtedness due the judgment defendant to the payment of the judgment, it is not necessary to make a transcript of such judgment, or any part of it, an exhibit in the case; and the complaint will not, therefore, be bad because it makes an imperfect transcript of such judgment an exhibit.

SAME.—"*Property.*"—An indebtedness by a promissory note due to a judgment defendant is "property," within the meaning of section 519 of the code, which may be subjected to the payment of the judgment by proceedings supplementary to execution.

PRACTICE.—A party can not complain of the insufficiency of the evidence to establish a matter which was not put in issue by the pleadings.

From the Monroe Circuit Court.

*J. H. Louden* and *R. W. Miers*, for appellants.

*J. W. Buskirk* and *H. C. Duncan*, for appellee.

BIDDLE, J.—Proceedings supplementary to execution by the appellee, against Paris C. Dunning, Robert Foster and Milton Hight, to subject an indebtedness by promissory note, due to Dunning from Foster and Hight, to the payment of a judgment due from Dunning to the appellee. Hight and Foster answered separately that they were not indebted to Dunning, and Dunning answered that neither Hight nor Foster was indebted to him. Trial by jury; verdict for appellee; motion for a new trial overruled; judgment; appeal.

Assignment of errors:

1. The insufficiency of the complaint to constitute a cause of action;

2. Overruling the motion for a new trial.

1. One objection made to the complaint is, that the transcript of the record of the judgment against Dunning in favor of the appellee, made an exhibit, is imperfect. There is no error in this. It was not necessary to make a transcript of the judgment, or any part of it, an exhibit in

the case. *Lytle* v. *Lytle*, 37 Ind. 281 ; *Campbell* v. *Cross*, 39 Ind. 155 ; *Hinkle* v. *Reid*, 43 Ind. 390 ; *Brooks* v. *Harris*, 41 Ind. 390.

2. The other objection made to the complaint is, that the indebtedness of Hight and Foster, by note to Dunning, is not " property," within the meaning of section 519, upon which these proceedings are founded, which can be subjected to the payment of a judgment. By the decisions of this court, it has been uniformly held otherwise. *Figg* v. *Snook*, 9 Ind. 202 ; *Butler* v. *Jaffray*, 12 Ind. 504 ; *Devan* v. *Ellis*, 29 Ind. 72 ; *Eden* v. *Everson*. 65 Ind. 113 ; *O'Brien* v. *Flanders*, 58 Ind. 22.

3. It is insisted that the evidence does not support the verdict, because the proof of the judgment against Dunning in favor of the appellee, the execution issued upon it, and the return thereon are insufficient. There was no pleading which put these in issue. The only issue of fact in the case was as to the indebtedness of Hight and Foster to Dunning. The jury found that such indebtedness was proved, and stated the amount. We see no ground upon which the verdict can be disturbed by an appellate court. These are all the questions presented by the record.

The judgment is affirmed, at the costs of the appellant.