No. 6833.

## SHERMAN ET AL. *v.* CARVILL.

**EXECUTION.**—*Proceedings Supplementary.*—*Nulla Bona.*—By sections 518 and 522 of the code, a return of *nulla bona* on an execution against the property of a judgment debtor is sufficient to entitle the judgment plaintiff to prosecute the proceedings supplementary to execution therein provided.

**SAME.**—*Proceeds of Partition Sale.*—The net proceeds of a partition sale, belonging to a judgment debtor, in the hands of the commissioner appointed in the action for partition to sell the real estate, may be reached by a judgment creditor in proceedings supplementary to execution.

**SAME.**—*Burden of Proof.*—The sale of the real estate for the price charged in the complaint being admitted, the burden was on the defendants to show what disposition had been made of the share of the judgment debtor.

**SAME.**—*Voluntary Assignment of Proceeds.*—A voluntary assignment of such proceeds by the debtor is void as against creditors.

From the Harrison Circuit Court.

*W. T. Jones, S. J. Wright, H. Jordan* and *L. Jordan,* for appellants.

*B. P. Douglass* and *S. M. Stockslager,* for appellee.

Sherman *et al. v.* Carvill.

Woods, J.—Proceedings supplementary to execution; judgment for the appellee, who was the plaintiff below.

The sole ground on which the appellants predicate their appeal is, that the finding and judgment of the court are not supported by sufficient evidence. The only respect in which it is claimed that the evidence is defective is this, that it was not shown that Sherman, the judgment defendant, had no leviable property, out of which the judgment could have been made, nor that the appellant Jones had money or credits in his hands belonging to said Sherman.

On the first point, it is sufficient to say that it was proven that an execution issued on the judgment had been returned "*nulla bona*," and, by sections 518 and 522 of the code, such return is sufficient to entitle the judgment plaintiff to prosecute the proceedings supplementary to execution therein provided.

In reference to the second point, the fact was admitted in the pleadings, and needed no proof. The complaint showed that, in a certain suit for the partition of real estate, of which said Sherman was the half-owner, subject to certain specified liens, said Jones had been appointed, by the Harrison Circuit Court, a commissioner to sell the property, divide the proceeds, and, after discharging the liens, to pay over to said Sherman the remainder of his share, the one-half, of the sum realized from the sale ; that a sale had been made for $6,000, and there remained in, or would come into, the hands of said commissioner, the sum of one thousand dollars for the use of said Sherman, after paying the said liens. The answers of the appellants, which, like the complaint, were verified, admitted the facts averred by the plaintiff, except that there remained anything in, or to come into, the hands of the commissioner for the use of Sherman. This was not specifically claimed, but it was alleged that, before the commencement of this proceeding, Sherman had made an assignment of his interest in the proceeds of the

said sale to the appellant Doll, a copy of which assignment was filed with and made a part of the answer. Some attempt was also made by said commissioner, Jones, to show that he had paid out more than had come into his hands, for the use of Sherman, before he was served with notice of this suit. The sale for the price charged in the complaint having been admitted, the burden was on the appellants to show what disposition had been made of the share of Sherman in the proceeds remaining after payment of the liens thereon. The alleged assignment to Doll was, on its face, null and void as against Sherman's creditors, because voluntary and made in trust for the benefit of Sherman's children; and neither by their answers nor by proof did the appellants show that the remainder of the $3,000 coming to Sherman from the proceeds of said sale, after discharging the liens thereon and paying the costs of the procedure, had been paid out before the commencement of this action, either to Sherman or his said assignee. The answer of Jones showed that $1,500 of the price for which the sale was made, had not been collected; and, of that sum, upon all the facts as shown, without dispute, in the complaint and answers, it is manifest that an amount would remain of Sherman's share greater than the sum found due the plaintiff on his judgment. The proof also showed that Sherman was not a householder, and was, therefore, not entitled to an exemption.

Judgment affirmed, with costs.

HOWK, J., was absent.