No. 8858.

## FOWLER ET AL. *v.* GRIFFIN.

EXECUTION.—*Proceedings Supplementary.*—*Pleading.*—In proceedings supplementary to execution under sections 518 and 519 (Code 1852), the complaint must show that execution had issued to the proper county.

SAME.—*Presumption.*—*Return of Nulla Bona.*—When, in proceedings supplementary, the complaint shows that upon the plaintiff's affidavit the clerk issued execution upon the transcript of a judgment rendered by a justice of the peace, it will be presumed that before the filing of the transcript an execution had been issued to a constable and returned *nulla bona.*

SAME.—*Money.*—*Choses in Action.*—Money and choses in action in the hands of third parties may be reached by proceedings supplementary to execution.

*Quære,* whether or not, before an order for distribution, an administrator can be required to answer in such proceedings against a judgment debtor who is an heir or distributee.

From the Marion Circuit Court.

*R. Denny,* for appellants.

*J. B. Julian* and *J. F. Julian,* for appellee.

WOODS, J.—Appeal from a judgment in favor of the plaintiff in proceedings supplementary to execution.

The complaint, the sufficiency of which is questioned, charges, in substance, that the plaintiff had recovered before a justice of the peace a judgment for a sum named against the appellant. Zachariah D. Fowler, of which he had caused a transcript to be filed with the clerk of the county and recorded

in the order book of the circuit court, and at the same time had filed his affidavit for execution on the judgment; that execution had been issued and had been returned by the sheriff, with an endorsement of "no property found;" that the appellants Benjamin and James P. Fowler, as administrators of the estate of Benjamin Fowler, deceased, have in their custody and control funds due to the said Zachariah as heir at law to the decedent's estate, in the sum of $1,200, "the same being in excess of the amount of property exempt by law, and which sum should be applied to the plaintiff's claim. Wherefore," etc.

Appended to the complaint is an affidavit to the effect that the defendants, administrators, have in their custody and control, as such administrators, funds due and owing to said Zachariah as heir at law of the decedent, in the sum of $1,200, which, together with other property claimed by him as exempt from execution, exceeds the amount exempt by law.

The objections made to the complaint are: *First.* It does not allege that execution had been issued by the justice and returned by the constable *nulla bona,* as provided by section 541 of the code. *Second.* There is no allegation that the judgment debtor resides in Marion county, and "has property which he unjustly refuses to apply towards the satisfaction of the judgment," and the court is not asked for an order requiring him to "answer concerning his property within the county." *Third.* It is not alleged that the administrators have any "property of such judgment debtor," or that they "are indebted to him in any amount."

The first objection, we think, is not well taken. The complaint shows that, upon the filing of the transcript and affidavit by the plaintiff, the clerk issued an execution to the sheriff. This he had no right to do without a certificate from the justice of the peace, showing "that an execution has been issued upon the judgment to the proper constable, and by him returned, endorsed that no goods or chattels could be found," etc. Section 541, *supra.* The presumption is that the officer

did his duty, and, aided by this presumption, the complaint in this respect is good.

We are of opinion that the second objection is well founded. By the terms of sections 518 and 519 of the code, if the defendant in the judgment is a resident of the State, the execution must have "issued to the sheriff of the county where he resides," and, as is decided in *Folsom* v. *Clark*, 48 Ind. 414, "proceedings against third persons, on the ground that they have property of, or are indebted to, the judgment debtor, should be in the county where they may be had against the judgment debtor."

It is just as necessary that the complaint should show that the execution had issued to the proper county, as that it had issued at all.

In support of the third objection, counsel has cited *Burt* v. *Hœttinger*, 28 Ind. 214, and *Wallace* v. *Lawyer*, 54 Ind. 501 (23 Am. R. 661), to the point that only *property*, but not *money*, *claims*, or *choses in action*, of the judgment debtor, can be reached by the proceedings. *Burt* v. *Hœttinger, supra*, and the cases following it, in so far as they declared in favor of a strict construction of the statute, against the right to form issues, to determine conflicting claims of third parties, to try by jury, etc., have been disavowed and overruled. *Toledo, etc., R. W. Co.* v. *Howes*, 68 Ind. 458 ; *McMahan* v. *Works*, 72 Ind. 19. And there are numerous cases which either expressly or by implication decide that money and *choses in action* of the judgment debtor, in the hands of third parties, may be reached by means of this proceeding. Among the cases, see *Figg* v. *Snook,* 9 Ind. 202 ; *Butler* v. *Jaffray*, 12 Ind. 504 ; *Devan* v. *Ellis*, 29 Ind. 72 ; *Keightley* v. *Walls*, 27 Ind. 384 ; *Folsom* v. *Clark, supra ; O'Brien* v. *Flanders*, 58 Ind. 22 ; *Eden* v. *Everson*, 65 Ind. 113 ; *Dunning* v. *Rogers*, 69 Ind. 272 ; *Sherman* v. *Carvill*, 73 Ind. 126.

Counsel has not raised the question, and we express no opinion, whether an administrator, before an order for distribution has been made, can properly be made to answer in such

proceedings instituted against a judgment debtor who is an heir to the estate.

Since the judgment must be reversed on account of the insufficiency of the complaint, it is not necessary that we consider the questions made on the evidence at length; though it would seem that the evidence fails to support the averments of the complaint in some material respects, and does support the plea in abatement, that the plaintiff is not the real party in interest.

Judgment reversed, with costs.