Burkett *et al. v.* Bowen.

There is no error in the record for which the judgment should be reversed.

Judgment affirmed, with costs.

Filed April 23, 1889.

Filed April 23, 1889.

---

No. 13,662.

BURKETT ET AL. *v.* BOWEN.

EXECUTION.—*Supplementary Proceedings.—Affidavit.—Amendment.*—The affidavit in proceedings supplementary to execution may be amended.

SAME.—*Return of Nulla Bona.*—The sheriff's return, showing no property found subject to execution, justifies a resort to supplementary proceedings.

SAME.—*Choses in Action in Possession of Third Person.*—Choses in action belonging to the execution defendant and in the possession of a third person are properly reachable by proceedings supplementary to execution.

SAME.—*Change of Venue.*—A change of venue may be granted in proceedings supplementary to execution.

SAME.—*Question of Ownership.—Determination of.*—Where the affidavit in supplementary proceedings alleges that property belonging to the execution defendant is in the possession of a third person, it is competent to try and determine the question of ownership.

From the Marshall Circuit Court.

*G. W. Holman* and *M. R. Smith,* for appellants.

*J. Rowley* and *M. A. Baker,* for appellee.

ELLIOTT, C. J.—The appellants' contention that the affidavit in proceedings supplementary to execution can not be amended, is met and overthrown by the decision in *Hutchinson* v. *Trauerman,* 112 Ind. 21. There is nothing in *Pouder* v. *Tate,* 111 Ind. 148, opposing the doctrine of *Hutchinson* v. *Trauerman, supra,* for there was no question as to the right to amend.

The affidavit shows that the defendant Milo R. Smith has property in his hands belonging to Daniel R. Burkett, and describes notes, secured by mortgage, amounting to eleven hundred dollars. It is averred that "the sum of eleven hundred dollars, together with the amount already in the hands of Burkett subject to be claimed as exempt from execution, exceeds the amount so exempt by law from execution." It is also shown that the appellee obtained a judgment against Burkett, and that the execution issued on it has been returned "no property found." We think that the affidavit shows that the execution defendant has no property subject to execution. The notes and mortgage exceed the amount exempted by law, and, therefore, the plaintiff would have a right to reach the excess, even if there were no other property owned by the execution defendant, but the case is made clearer by the allegation that there was other property. The return of the sheriff shows that the debtor had no other property subject to execution, and this, under the ruling in *Earl* v. *Skiles,* 93 Ind. 178, justified a resort to the proceedings in aid of the execution. The fact that the execution was returned "no property," shows, *prima facie,* at least, that the judgment is not enforceable by execution. The notes could not be levied upon in the hands of Smith, and it was, therefore, necessary to aid the execution by supplementary proceedings. The choses in action are shown to be in the possession of a third person, and the execution did not reach them so as to afford the creditor adequate and ordinary relief, although it might have done so if they had been in the hands of the execution defendant. Our opinion is, that the

affidavit clearly makes a case within the provisions of section 819, R. S. 1881. It shows that an execution was issued and returned "no property," and in other respects employs almost literally the language of the section to which we have referred. The case before us is really covered by the decision in *Fowler* v. *Griffin*, 83 Ind. 297, where the earlier cases are collected and examined. Objections to the affidavit like these here urged were held to be unavailing. In *Sherman* v. *Carvill*, 73 Ind. 126, it was held that a return of *nulla bona* entitles the execution plaintiff to invoke the assistance of the court to enforce his judgment. In *Devan* v. *Ellis*, 29 Ind. 72, an affidavit essentially the same as the one in this record was assumed to be sufficient.

A change of venue may be granted in proceedings supplementary to execution. *Burkett* v. *Holman*, 104 Ind. 6; *Burkett* v. *Bowen*, 104 Ind. 184. *Burt* v. *Hoettinger*, 28 Ind. 214, was expressly overruled in *Fowler* v. *Griffin, supra,* and its doctrine is denied by many later cases.

Under the authority of *Fowler* v. *Griffin, supra,* and other cases, it was proper to try and determine the question of the ownership of the property described in the affidavit. The affidavit before us does not aver, as did the affidavit in *Pounds* v. *Chatham*, 96 Ind. 342, that the third person is indebted to the execution defendant, but what it does aver is, that the third person has in his possession property belonging to the debtor, so that the cases are essentially different. The affidavit directly brought in issue the ownership of the property. *Fowler* v. *Griffin, supra; Toledo, etc., R. W. Co.* v. *Howes,* 68 Ind. 458; *McMahan* v. *Works,* 72 Ind. 19. It was, therefore, competent to introduce evidence upon the question of ownership. This was, indeed, one of the controlling questions in the case. The change made by the revision of 1881 dispensed with formal pleadings, but it did not change the material features of the proceeding nor did it restrict the rights of the execution plaintiff. In *Burkett* v. *Holman, supra,* the court expressly limited the operation of section

822 of the revision of 1881, saying: "We are not inclined, however, to extend the provisions of section 822, by construction, beyond the plain import of the language used therein."

Our conclusion is, that the rulings of the trial court were in accordance with the law as declared in our statute and decisions.

Judgment affirmed.

