## LEWIS *v.* HANNEMAN.

[No. 13,368. Filed January 4, 1929.]

*P. A. Parks,* for appellant.
*A. Ottenheimer* and *A. P. Twyman,* for appellees.

NICHOLS, J.—Action by proceeding supplementary to execution by appellee, against appellant and others on December 9, 1925, in the Lake Superior Court, based on a certain judgment rendered in said court against appellant in favor of appellee, Hanneman, on March 16, 1916, for $4,565. The venue, on motion, was changed to the Porter Superior Court. Appellant's demurrer was overruled. The cause was dismissed as to all defendants except appellant and William Lewis. A trial resulted in a finding and judgment in favor of appellee, from which this appeal was taken. The only error pre-

sented is the action of the court in overruling appellant's demurrer to the complaint. It is averred in the complaint that on March 15, 1916, appellee recovered a judgment in the Lake Superior Court against appellant for $4,565; that on January 16, 1926, he caused an execution to be issued on said judgment, which was on the same day delivered to the sheriff of Lake county, in which county appellant then resided and still resides; that on May 14, 1925, said sheriff returned said execution unsatisfied, and that said judgment is unpaid, upon which there is now due said sum of $4,565 together with interest at the rate of six per cent. per annum from March 15, 1916; that appellant has property subject to execution in said county, consisting of certain real estate, the description of which is set out, which said property exceeds the amount of property exempt by law to appellant, which he unjustly refuses to apply towards the satisfaction of said judgment or any part thereof; that defendants are now in possession of the above-described property of appellant, and are claiming the right, title and possession of the same unlawfully, for the purpose of hindering and obstructing the satisfaction of appellee's judgment. Wherefore, appellee asks that an order requiring appellant to appear forthwith before this court and answer concerning said property, and for an order requiring the defendants to appear and answer concerning said property and to show cause why it should not be applied to the satisfaction of appellee's judgment.

The proceeding is under §§881 and 883 Burns 1926. Section 881 provides that: "When an execution against the property of the judgment debtor . . . issued to the sheriff of the county where he resides . . . , is returned unsatisfied, in whole or in part, the judgment creditor, after such return is made, shall be entitled to an order, to be issued by any court of record in the county to which such execution is issued . . . requiring the judgment

432

debtor to appear forthwith before the court, . . . to answer concerning his property within the county to which the execution was issued."

Section 883 provides that: "After the . . . return of an execution against the property of the judgment debtor . . . , and upon an affidavit that any person . . . has property of such judgment debtor, . . . which together with other property claimed by him as exempt from execution, shall exceed the amount of property so exempt by law, such person, . . . may be required to appear and answer concerning the same, as above provided."

We have no hesitation in saying that, under these sections, the complaint states a cause of action and that the demurrer thereto was properly overruled. The question is fully discussed in *Burkett* v. *Bowen* (1889), 118 Ind. 379, 21 N. E. 38, which decides against appellant's contention.

Affirmed.