531 F.Supp. 737 (1982)
In re ILLINOIS VALLEY ACCEPTANCE CORPORATION, Debtor.
William H. CHRISTISON, Trustee, Plaintiff/Appellee,
v.
Robert W. MARTIN, Jr. and E. A. Anderson, Defendants/Appellants.
No. 81-1172.
United States District Court, C. D. Illinois.
February 9, 1982.
*738 *739 David B. Radley, Peoria, Ill., for trustee.
James B. Lewis, Peoria, Ill., for Illinois Valley Acceptance Corp.
Gary T. Rafool, Peoria, Ill., for Martin.
Dean R. Essig, Washington, Ill., for Anderson.

DECISION AND ORDER
ROBERT D. MORGAN, Chief Judge.
Illinois Valley Acceptance Corporation (I.V.A.C.) filed suit against the appellants in the Circuit Court in Peoria County, Illinois. In 1979, appellants and one other individual filed an involuntary bankruptcy petition against I.V.A.C. Involuntary bankruptcy was ordered in 1980, a trustee was appointed for debtor's estate and substituted as plaintiff in the suit. The case was then removed to the bankruptcy court and was tried by the Bankruptcy Judge without a jury. The bankruptcy court found appellant Martin guilty of breach of fiduciary duty to I.V.A.C. for his failure to disclose his interest in Illinois Security Systems, Incorporated (I.S.S.I.), while continuing to deal with I.S.S.I. on behalf of I.V. A.C. Appellant Anderson was held liable because he knew of Martin's situation but failed to disclose it to the Board of Directors of I.V.A.C. The transactions complained of were loans made to I.S.S.I. by I.V.A.C., and approved by appellants, from May 5, 1972 to the time of Martin's resignation from the Board of Directors of I.V.A.C. on January 5, 1977.
This is an appeal from the decision of the Bankruptcy Judge entered on September 11, 1981. In that decision, appellants Martin and Anderson were found to be jointly and severally liable to appellee, I.V.A.C., in the amount of $230,000. The reason for the liability was that appellants had breached their respective fiduciary duties to the appellee corporation.
Several questions have been raised by appellants. Initially, however, it should be noted that this court must "accept the referee's (Bankruptcy Judge's) findings of fact unless they are clearly erroneous, and shall give due regard to the opportunity of the referee to judge the credibility of the witnesses." In re Maitlen, 658 F.2d 466, 470 (7th Cir. 1981); see In re Solomon, 506 F.2d 463 (7th Cir. 1974); Rule 52(a), F.R.Civ.P. On the other hand, the "clearly erroneous" standard is inapplicable when the court reviews findings on questions of law or mixed questions of law and fact. In such situations the findings of the Bankruptcy Judge can only be approved upon the court's "independent determination of the law." In re Maitlen, supra. See Minnick v. Lafayette Loan & Trust Co., 392 F.2d 973 (7th Cir. 1968), cert. denied, 393 U.S. 875, 89 S.Ct. 170, 21 L.Ed.2d 146 (1968).
On page 6 of his opinion of September 11, 1981, the Bankruptcy Judge listed twelve findings of fact. The court is satisfied that at least six of those findings are findings of fact. Further, it appears that they are not clearly erroneous and must be approved by this court. The remaining six findings are perhaps best characterized as mixed questions of law and fact. Those findings are: (1) In not disclosing this information (Martin's position as director and stockholder of I.S.S.I.) to the Board of Directors (of I.V.A. C.), both Martin and Anderson were guilty of a willful breach of their fiduciary duty to the Debtor; (2) The Board of Directors of the Debtor did not acquiesce in the loans made to I.S.S.I.; (3) The Board of Directors of the Debtor did not ratify the transactions with I.S.S.I.; (4) The actual loss sustained by the Debtor as a result of the actions of Martin and Anderson was $230,000; (5) The personal financial interest of Martin in I.S.S.I. was in conflict with his fiduciary duty to the Debtor; (6) Anderson's failure to advise the Board of Directors (of I.V.A.C.) of Martin's relationship with I.S.S.I. was a violation of his fiduciary duty to the Debtor.
*740 For the following reasons those findings are approved, and the decision of the Bankruptcy Court is affirmed.
It is clear that interlocking directorates are not fraudulent per se, and therefore transactions between corporations sharing common directors are merely voidable, upon a showing of fraud or unfairness. Delaware Corporation Law, Title 8, ch. 1, § 144. See, e.g., Shlensky v. South Parkway Bldg. Corp., 19 Ill.2d 268, 166 N.E.2d 793 (1st Dist. 1960). However, the court is not concerned with merely setting aside the transactions between I.V.A.C. and I.S.S.I. The court is primarily concerned with the question of whether Martin's actions constituted a breach of his fiduciary duty to I.V.A.C. Thus, appellant's reliance on the argument that the Bankruptcy Judge erred in not determining whether the loans to I.S.S.I. were fair or reasonable to I.V.A.C. is misplaced.[1] It appears to this court, however, that Martin breached his fiduciary duty of disclosure to I.V.A.C., in spite of the possibility that the transactions may otherwise have been "fair."
Similarly, because the soundness of the loans is not really determinative of the question of breach of duty, the reliance by appellants on the "business judgment rule" is unfounded. There is no indication in the Bankruptcy Judge's opinion that he found appellants liable for errors in judgment. Rather, it was the appellants' failure to disclose important information to I.V.A.C.'s Board of Directors on which liability rests. That is, while Martin's simultaneous interest in I.V.A.C. and I.S.S.I. may not have been fraudulent, the manner in which he conducted dealings between the two companies was obviously less than open and forth-right. Along similar lines, while Anderson did not have an interest in I.S.S.I., at all relevant times he was a director of I.V.A.C., a director with knowledge, at least, of another director's potential conflict of interest.
The standard to which corporate officers and directors are held is, of necessity, a strict one. There is no doubt that at times this may work harsh results. That fact does not detract from its purpose and objective. Martin was interested, directly or indirectly, in the success or failure of I.S.S.I. Thus, it appears that Martin's failure to disclose to I.V.A.C. his relationship with I.S.S.I. (apparently willful), constituted a conflict in his dual role of director of both companies. It does not matter that the relationship was knowable or discoverable by the other directors. Martin was under a positive duty to inform them of his position. Generally, knowledge of corporate records and documents is imputed to all directors. However, that imputation of knowledge only works in favor of dealings with third parties and not in favor of fellow directors or officers. Harris Trust & Savings Bank v. Joanna-Western Mills, 53 Ill. App.3d 542, 11 Ill.Dec. 78, 368 N.E.2d 629 (1st Dist. 1977) (applying Delaware law).
Ordinarily, one director is not liable for the misconduct of a codirector, where he has not actually participated in the misconduct, that is, unless the "innocent" director has acquiesced in, or concealed, the misconduct (see, e.g., Bellis v. Thal, 373 F.Supp. 120 (E.D.Pa.1974), aff'd 510 F.2d 969 (1975), or if it was his neglect of duty that led to the loss. See, e.g., Heit v. Bixby, 276 F.Supp. 217 (E.D.Mo.1967). In this case it is alleged that Anderson breached his fiduciary duty to I.V.A.C. by failing to disclose the fact that Martin may have been in a position where his interests in I.S.S.I. and I.V.A.C. were in conflict.
The standard of care owed by directors (such as Anderson) in the management of the corporations' affairs is that care which a reasonably prudent director of *741 a similar corporation would have used under the circumstances. See Briggs v. Spaulding, 141 U.S. 132, 11 S.Ct. 924, 35 L.Ed. 662 (1891). Thus, in order to avoid liability for permitting mismanagement, it is incumbent upon a corporate director, on learning facts sufficient to put a prudent man on guard, to take the appropriate action under the circumstances. Graham v. Allis-Chalmers Mfg. Co., 41 Del.Ch. 78, 188 A.2d 125 (1963 S.Ct.). In this case the appropriate action would have been full disclosure of Martin's situation, and Anderson was negligent in not making such a disclosure. A reasonably prudent director would have done so.
In some respects, an officer or director of a corporation is an agent of the corporation. Thus, an officer is under a duty to "disclose to it [the principal corporation] any facts coming to his knowledge in the course of his agency which may affect its interests; a failure to do so is a breach of duty." Cahall v. Lofland, 12 Del.Ch. 299, 114 A. 224 (1921), aff'd, Lofland v. Cahall, 13 Del.Ch. 384, 118 A. 1 (1922). The principle pertaining to disclosure by the agent to the principal of relevant information applies equally to the officers and directors of a corporation. Science Accessories Corp. v. Summagraphics Corp., 425 A.2d 957 (Del.S. Ct.1980). In this case, both Martin and Anderson were "agents" of I.V.A.C. in its dealings with other entities, but both failed to inform the Board of Directors of I.V.A.C. of the fact that Martin was also a director and officer of I.S.S.I.
The court is satisfied that the amount of damages determined by the Bankruptcy Judge was appropriate, based on the evidence before him.
Further, the court is satisfied that the other directors of I.V.A.C. had insufficient knowledge of the facts to have ratified the transactions with I.S.S.I., Young v. Janas, 34 Del.Ch. 287, 103 A.2d 299 (1954), and that any actions taken by the Board after Martin's resignation as president of I.V.A.C. were insufficient to constitute acquiescence or ratification so as to remove the taint of the breach of fiduciary duty by the appellants.
Accordingly, IT IS ORDERED that the decision of the Bankruptcy Judge is in all respects AFFIRMED.
NOTES
[1] It is clear that the burden of proof is on those individuals who would maintain and uphold the transactions to show their entire fairness. 3 Fletcher Cyclopedia of Corporations § 974 (1975); Geddes v. Anaconda Copper Mining Co., 254 U.S. 590, 41 S.Ct. 209, 65 L.Ed. 425 (1921). The Bankruptcy Judge, however, did make a specific finding as to the fairness of the transactions. On page 9 of his opinion, he states that the appellants failed to meet their burden of proof.