**RUSHVILLE PRODUCTION CREDIT ASSOCIATION, Appellant,**

v.

**Gordon A. MOHR, Joyce Mohr, Appellees,**

**Gordon A. Mohr, Joyce Mohr, Debtors.**

**RUSHVILLE PRODUCTION CREDIT ASSOCIATION, Plaintiff,**

v.

**Gordon A. MOHR, Joyce Mohr, Defendants.**

**Civ. No. IP 83–1786–C.**
**Bankruptcy No. IP 81–2476–RA (V).**
**Adv. No. 83–582.**

United States District Court,
S.D. Indiana,
Indianapolis Division.

Sept. 19, 1984.

Daniel E. Johnson, Baker & Daniels, Indianapolis, Ind., for plaintiff.

James A. Knauer, Kroger, Gardis & Regas, Indianapolis, Ind., for defendants.

## MEMORANDUM OF DECISION

DILLIN, District Judge.

This case comes before the Court on appeal from the decision of the Bankruptcy Court of this district which held that the judgment lien of the appellant, Rushville Production Credit Association, did not attach to real estate in which the appellees, Gordon and Joyce Mohr, held an equitable interest as purchasers under a conditional sales contract. For the following reasons, the decision of the Bankruptcy Court is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

### Background

The facts of this case are stipulated. The Mohrs purchased a 269.97 acre farm from Charles DeMott in November, 1979, pursuant to a conditional sales contract (or land contract). The land contract was duly recorded in the Recorder's Office of Shelby County, the county in which the land was located.

On March 2, 1981, the appellant, Rushville Production Credit Association (RPCA), obtained a judgment against the Mohrs in the amount of $112,800.70 plus costs. The judgment was promptly indexed in the Shelby County judgment docket in the names of Gordon A. and Joyce Mohr. RPCA did not obtain a writ of execution or institute proceedings supplemental to execution.

The Mohrs filed for bankruptcy on June 4, 1981. During the bankruptcy proceedings the 269.97 acre tract of real estate was resold to the vendor under the land contract, Charles DeMott, with the net proceeds to be made available to the Mohrs' creditors. The proceeds of this sale, $88,-775.77, are being held in escrow pending final disposition of the present adversary proceeding. The parties agree that if RPCA's judgment lien was valid against the Mohrs' equitable title in the real estate prior to its resale to DeMott, then the lien would attach to the net proceeds of the resale now held in escrow.

The Bankruptcy Court found that because the Mohrs held equitable title and not legal title to the real estate under the land contract, the judgment lien did not attach to their interest in the land. Therefore, the court concluded that RPCA's claim under the judgment lien was not entitled to priority with respect to the proceeds of the resale of the land although RPCA

was entitled to assert its claim as a general creditor against the Mohrs' bankruptcy estate.

RPCA appeals the decision of the Bankruptcy Court asserting that under current law and consistent with current legislative posture, the equitable interest held by a purchaser under a land contract may be attached by a judgment lien under the judgment lien statute, Ind. Code § 34–1–45–1.

### Jurisdiction and Standard of Review

This Court has jurisdiction over an appeal from a final judgment of the United States Bankruptcy Court for the Southern District of Indiana in an adversary proceeding arising within a Chapter 11 reorganization case. 28 U.S.C. § 1334 as amended by Bankruptcy Amendments and Federal Judgeship Act of 1984, § 101, 98 Stat. 333 (1984). This Court's review of the Bankruptcy Court's decision is governed by Rule 8013, Rules of Bankruptcy Procedure, which provides that

On an appeal the district court ... may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness.

■ The "clearly erroneous" standard of review applies to this Court's consideration of the Bankruptcy Court's factual determinations but it does not apply to appellate review of questions of law or mixed questions of fact and law. *In re Maitlen*, 658 F.2d 466 (7th Cir.1981) (Appendix A); *Minnick v. Lafayette Loan & Trust Co.*, 392 F.2d 973 (7th Cir.), *cert. denied*, 393 U.S. 875, 89 S.Ct. 170, 21 L.Ed.2d 146 (1968); *In re Illinois Valley Acceptance Corp.*, 531 F.Supp. 737 (C.D.Ill.1982). In the present case, the parties stipulated to the facts before the Bankruptcy Court and have raised only questions of law before this court. This court is in as good a position as the Bankruptcy Court to interpret Indiana law as it relates to the issues raised in this case. Therefore, this Court is not bound by the Bankruptcy Court's conclusions of law if they are found to be erroneous. *See also In re Hardwick & Magee Co.*, 355 F.Supp. 58 (E.D.Pa.1973).

### Discussion

■ The issue before the Court in this case is whether under Indiana law a judgment lien may attach to the judgment debtor's equitable title in real estate purchased under a land contract. In Indiana, the right of a judgment creditor to assert a judgment lien against property of the judgment debtor is established by statute. Ind. Code § 34–1–45–1 provides:

The following real estate shall be liable to all judgments and attachments, and to be sold on execution against the debtor owning the same, or for whose use the same is holden, viz:

First. All lands of the judgment debtor, whether in possession, remainder or reversion.

Second. Lands fraudulently conveyed with intent to delay or defraud creditors.

Third. All rights of redeeming mortgaged lands; also, all lands held by virtue of any land-office certificate.

Fourth. Lands, or any estate, or interest therein, holden by any one in trust for, or to the use of another.

Fifth. All chattels real of the judgment debtor.

Early Indiana cases construing the law in this area held that a judgment lien could attach only to the legal title to real estate held by the judgment debtor and did not attach to an equitable interest. *Jeffries v. Sherburn*, 21 Ind. 112 (Ind.1863); *Orth v. Jennings*, 8 Blackf. 420 (Ind.1847); *Modisett v. Johnson*, 2 Blackf. 431 (Ind.1831). In the seminal case of *Modisett v. Johnson, supra*, the Indiana Supreme Court relied upon the distinctions between a mortgage and a land contract to find that a purchaser under a land contract held an insufficient interest in the real estate to allow attachment. *Modisett v. Johnson, supra*. At the time *Modisett* and its progeny were decided, the interest of a purchaser under a land contract was subject to forfeiture

upon the purchaser's default under the contract and the purchaser was not entitled to foreclosure nor did he have a right of redemption. *See Jeffries v. Sherburn*, 21 Ind. 112 (1863); *Doe v. Cutshall*, 1 Ind. 246 (1848); *Modisett v. Johnson, supra.*

Since these early cases, the law with respect to conveyances of real estate under land contracts, and the treatment of the interests of the vendors and vendees thereunder, has changed considerably. The courts and the legislature have acknowledged the similarities between a land contract and a mortgage and, in appropriate circumstances, have accorded land contract purchasers rights formerly reserved only for legal title holders. In *Skendzel v. Marshall*, 261 Ind. 226, 301 N.E.2d 641 (1973), *cert. denied*, 415 U.S. 921, 94 S.Ct. 1421, 39 L.Ed.2d 476 (1974), *appeal after remand*, 264 Ind. 77, 339 N.E.2d 57 (1975), the Indiana Supreme Court analogized the relationship of vendor-vendee under a land contract to that of a mortgagee-mortgagor and determined that the interest of a land contract vendee is tantamount to that of a mortgagor and should be treated as such. The court noted that traditional principles distinguishing a mortgagor from a land contract purchaser may still be applied in the case of an abandoning, absconding vendee or when a defaulting vendee has paid a minimal amount on the contract and the vendor has paid taxes, insurance, and other expenses to maintain the property. *Id.* at 240–241, 301 N.E.2d at 650. Generally, however, the court found that, similar to a mortgage, a land contract represents a present sale and purchase with all incidents of ownership accruing to the vendee subject only to the vendor's security interest in the real estate. *Id.* at 234, 301 N.E.2d 646.

> The Court, in effect, views a conditional land contract as a sale with a security interest in the form of legal title reserved by the vendor. Conceptually, therefore, the retention of the title by the vendor is the same as reserving a lien or mortgage. Realistically, vendor-vendee should be viewed as mortgagee-mortgagor. To conceive of the relationship in different terms is to pay homage to form over substance.

*Skendzel v. Marshall*, 261 Ind. at 234, 301 N.E.2d at 646.

The court concluded that "we are holding a conditional land sales contract to be in the nature of a secured transaction, the provisions of which are subject to all proper and just remedies at law and in equity." *Id.* at 241, 301 N.E.2d at 650.

Applying this holding, the *Skendzel* court refused to allow a forfeiture of the substantial equitable interest of the land contract vendee upon his default and required the vendor to proceed under the mortgage foreclosure statute, Ind. Code § 32–8–16–1, and Ind. Trial Rule 69(c). *Id.* at 241, 301 N.E.2d at 650–51.

The Indiana legislature has not disagreed with the *Skendzel* court's analysis of the interests of the parties under land contracts and has manifested its approval of according land contract vendees the rights enjoyed by mortgagors. When the Indiana Court of Appeals, in *Hawkins v. Marion County Board of Review*, 394 N.E.2d 957 (Ind.App.1979), interpreted the Indiana mortgage exemption statute, a part of the tax statute, Ind. Code § 6–1.1–12–1, to disallow the exemption for land contract purchasers, the legislature promptly amended the statute to clearly allow land contract purchasers to claim the exemption. Ind. Code § 6–1.1–12–1(a)(2).

■ Furthermore, in the analogous situation of mechanics' and materialmen's liens, Indiana law now expressly recognizes that a vendee's equitable interest under a land contract is an interest in real estate which is subject to attachment. As in the case of judgment liens upon real estate, mechanics' and materialmen's liens are available only pursuant to statute. Ind. Code § 32–8–3–1. Early cases held that a mechanics' lien could only attach to the legal interest of the vendor under a land contract, and then only when the vendor actively consented to the work done on the property. A mechanics' lien on the interest of the vendee in the real estate was not allowed as it would place a cloud on the legal owner's title. *Toner v. Whybrew*, 50 Ind.App. 387, 98 N.E. 450 (1912). Never-

theless, Indiana courts have more recently expressly rejected the strict construction of the mechanics' lien statute which had prevailed in the early 1900's.

In *Fletcher Avenue Savings & Loan Association v. Roberts*, 99 Ind.App. 391, 188 N.E. 794 (1934), the court of appeals broadly construed Indiana's mechanics' lien statute. The court held that "the Legislature intended to make not only the title [to real estate] subject to a mechanic's lien, but any right or interest, as well." *Id.* at 396, 188 N.E. at 796. This view was confirmed by the Indiana Supreme Court in *Mid America Homes, Inc. v. Horn*, 272 Ind. 171, 396 N.E.2d 879 (1979).

Thereafter, in *Miles Homes of Indiana v. Harrah Plumbing*, 408 N.E.2d 597 (Ind. App.1980), the court of appeals reviewed the development of the law in this area and concluded that a mechanics' lien could attach to the interest of a contract purchaser in real estate. The court clearly stated that "the interest of a contract purchaser or conditional vendee is subject to a lienable interest." *Id.* at 600.

The court of appeals went further to outline the extent of the validity of the lien against the real estate stating that the real estate was subject to the mechanics' lien only to the extent of the vendee's equitable interest. *Id.* at 600. Because the vendee in *Miles Homes* held an insufficient equitable interest in the real estate to avoid forfeiture and the vendee's interest was in fact forfeited, the mechanics' lien against the real estate was extinguished. *Id.* at 600. In the case at bar, the contract purchasers, the Mohrs, held a substantial equitable interest in the real estate, thus precluding a forfeiture; nevertheless, the foregoing analysis of the treatment of the lien in such a situation is relevant to this Court's consideration of the matter to dispel appellee's argument relating to forfeiture situations.

The recent case of *Liberty Parts Warehouse, Inc. v. Marshall County Bank & Trust*, 459 N.E.2d 738 (Ind.App.1984), does not call for a contrary analysis of the development of Indiana law respecting land contracts. In *Liberty Parts*, a land contract purchaser executed a mortgage which was used to pay off the land contract. The mortgage was deemed to be a purchase money mortgage having priority over a prior judgment lien against the contract purchaser's interest in the real estate. The court of appeals reasoned, without citation or further explanation, that because the judgment lien had not attached to the real estate prior to the execution of the mortgage, the judgment lien was junior to the purchase money mortgage. The court's analysis leads this Court to believe that the purchaser in *Liberty Parts* had not obtained a sufficient equitable interest in the real estate prior to executing the mortgage to avoid a forfeiture. Consequently, the purchaser had no *enforceable* equitable interest upon which the judgment lien could attach at the time the mortgage was executed.

■ As noted previously, the Mohrs in the present case, did have a substantial equitable interest in the 269.97 acre farm. Under *Skendzel v. Marshall, supra*, their interest was not subject to forfeiture but rather was ascertainable and enforceable. The Mohrs' equitable interest in the farm property was protected under the mortgage foreclosure statute and was subject to attachment under the mechanics' lien statute. This Court finds no compelling reason to prevent the application of the judgment lien statute to this same equitable interest. Therefore, under current Indiana law, and consistent with the manifestations of legislative intent noted above, this Court finds that the Mohrs' equitable interest in the real estate was subject to attachment by RPCA's judgment lien. Upon the resale of the land to DeMott, the judgment lien transferred as a lien upon the net proceeds of that sale. The Bankruptcy Court's interpretation of current Indiana law is erroneous and therefore its decision denying RPCA's priority claim to the net proceeds now held in escrow must be reversed. This case is remanded to the Bankruptcy Court for further proceedings consistent with this opinion.